## Settle v. Gibson, et al.

(Decided March 16, 1912.)

### Appeal from Owen Circuit Court.

1. Appeal and Error—Bill of Exceptions—Absence of.—On appeal without a bill of exceptions, the only question to be determined is whether or not the pleadings support the judgment.

2. Principal and Surety—Answer by Principal—Effect as to Surety. On appeal without a bill of exceptions, a sufficient answer by a principal will support a judgment in favor of his surety.

JAMES H. SETTLE for appellant.

VALLANDINGHAM & ALEXANDER and W. A. LEE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. B. Gibson brought suit against appellant, J. H. Settle, to recover on certain indebtedness. To this action Settle filed an answer denying his indebtedness, and asked that it be made a cross-petition against S. F. Gibson and T. T. Vallandingham, claiming that Vallandingham was indebted to him in the sum of $500, and that S. F. Gibson was indebted to him in a certain sum. An order was entered dismissing this action as settled, Settle receiving the sum of $250.

Settle brought this action for the purpose of obtaining a new trial. He charged in his petition that for some time prior to the date the action was dismissed, settled, and at the time the order was entered, he was on a protracted spree, and was thereby mentally incapacitated to know or understand what he was doing. He also charges fraud on the part of those obtaining the settlement. To Settle's petition for a new trial, J. B. and S. F. Gibson filed an answer denying the allegations of the petition, and pleading affirmatively that the order was entered by and with the consent of Settle and his attorney, and at the time Settle was fully competent to transact business. Proof was heard and the case submitted. Some time thereafter T. T. Vallandingham filed his separate answer, wherein he pleaded that he was the surety for J. B. and S. F. Gibson on a bond out of which this litigation arose. That J. B. and S. F. Gibson deposited with one J. Holbrook the sum of $500 as indemnity for the answering defendant under an agreement

whereby Holbrook was to pay him said sum of $500 in the event he was compelled to pay anything on the claim of J. H. Settle against the Gibsons. The answer further charges that Gibson and Settle came into open court and had an agreed order entered showing the settlement of all their claims in the action, and upon the entry of said order Holbrook was permitted to and did pay said sum of $500 to J. B. and S. F. Gibson. Because of these acts, Cunningham charges that Settle is estopped to recover anything of him. On final submission of the case, the court refused to grant Settle a new trial, and he appeals.

Having prosecuted this appeal without a bill of exceptions showing the evidence that was heard on the trial below, the only question to be determined is whether or not the pleadings support the judgment. (Martin v. Richardson, 94 Ky., 183; Gilbert v. Bamberger, 19 Ky. Law Rep., 1835; Southern Railway v. Thurman, 25 Ky. Law Rep., 804.)

As the answer of J. B. and S. F. Gibson denied the allegations of the petition, there can be no doubt that the judgment, so far as they are concerned, is fully supported by the pleadings. Appellant contends, however, that such is not the case so far as appellee Cunningham is concerned. In this connection it is argued that Cunningham's answer admits the allegations of the petition, and seeks to overcome their effect by the plea of estoppel, which would not be available if, as a matter of fact, appellant, at the time the order dismissing the case settled was entered, was so intoxicated as to be mentally incapable of knowing what took place, or of transacting business. Upon this particular phase of the case, however, we deem it unnecessary to express an opinion. No reply was filed to Cunningham's answer. Its allegations, therefore, stand confessed. Cunningham alleges that he was the surety for the Gibsons. Under the circumstances, this allegation must be taken as true. It follows, then, that he was liable to appellant only in the event that J. B. and S. F. Gibson were liable. The principal has the right to defend for his surety; consequently, the defense made by the Gibsons inured to the benefit of Cunningham, their surety. Under this view of the case, it is immaterial that Cunningham's separate answer presented no defense, for the answer filed

by the Gibsons, for whom he was surety, is sufficient
to support the judgment in his favor.

Judgment affirmed.