## Brewer v. Commonwealth.

(Decided May 7, 1920.)

### Appeal from Pike Circuit Court.

1. Exceptions, Bill of—Stenographer's Transcript.—The stenographer's transcript of the testimony heard upon the trial will not be treated as a bill of exceptions unless it is approved by the judge

and filed by an order of court entered of record. But if such an order appears in the stenographer's transcript, when approved by the judge it may be sufficient to show that the bill of exceptions was duly filed.

2. Exceptions, Bill of.—Stenographer's Transcript.—In this case, what purports to be the stenographer's transcript was not approved by the judge, nor does the record contain any order filing it as a bill of exceptions, and it can not therefore be considered by this court.

3. Criminal Law—Bill of Exceptions.—A bill of exceptions in a criminal case must be prepared, certified and filed in the same manner as is required in a civil case.

4. Appeal and Error—Bill of Exceptions.—In the absence of a bill of exceptions, the only question presented on appeal is whether the pleadings sustain the judgment.

5. Indictment and Information—Duplicity—Receiving Stolen Goods.— An indictment charging one with receiving stolen property from a number of named persons who are alleged to have stolen the property is not bad for duplicity, since there is only one act of receiving charged in the indictment, which may have been made by all of the alleged thieves jointly and at one time.

PICKLESIMER & STEELE for appellant.

CHARLES I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, W. P. HUGHES, MONROE FIELDS and W. W. BARRETT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Allen Brewer, was convicted in the Pike circuit court of the offense of unlawfully, willfully and feloniously accepting and receiving chickens which had been stolen by persons from whom it is charged he received them, and which fact he knew at the time, and under the verdict of the jury he was sentenced to serve a term of six months in the county jail. To reverse the judgment rendered thereon, he prosecutes this appeal.

A number of alleged errors are relied on to secure a reversal of the judgment, but because of the condition of the record we are without authority to consider any of them.

We find a document with the record which it is claimed is a bill of exceptions, but the only certificate thereto is that of the official stenographer. It contains what purports to be the evidence heard upon the trial, but it is neither certified to by the clerk nor approved by the judge. At its beginning there is a statement that the defendant filed a demurrer to the indictment, which was

overruled, whereupon he made a motion to require the Commonwealth to elect, which the stenographer states was overruled. But no such orders appear in the transcript of the record as certified to by the clerk of the court; nor does the transcript contain any order filing a bill of exceptions. Moreover, there is no filing endorsement or orders anywhere in the record, or the purported bill of exceptions, showing that the latter was ever filed in the lower court. The only endorsement which it bears is one made by the clerk of this court on the day the transcript was filed with him.

In the cases of Southern Railway Co. v. Thruman, 25 Ky. Law Rep. 804, and Graves' Committee v. Lyons, 166 Ky. 446, it was held that before the stenographer's transcript of the testimony, made as required by section 4644 of the statutes, could be treated as a bill of exceptions, it must not only be approved by the court who tried the case, but there must also appear an order of the court filing the transcript. In the latter case, upon this point, it was said:

"A bill of exceptions must always be made a part of the record by an order of the court. The bill must be prepared and presented to the judge of the court for his approval and signature during the term of the court at which the judgment becomes final, unless further time for its preparation is given by an order of the court. Civil Code, section 337, subsection 2. It was never intended that the stenographer's bill of evidence should supply the place of and dispense with the necessity of a bill of exceptions filed by an order of the court. The bill of evidence in the case at bar, which seems to have been prepared by the official stenographer and approved by the judge, might be treated, by agreement, no doubt, as a sufficient bill of exceptions in this case, but there is no order of court showing its approval or the filing of it or making it any part of the record, or whether it was prepared or presented during the time required by law."

If it be conceded that an order contained in the stenographer's transcript of evidence showing that it was filed as a bill of exceptions be sufficient for that purpose, as was held in the case of McGeever v. Kennedy, 19 Ky. Law Rep. 845, that fact could not afford any relief to appellant here because the stenographer's transcript constitutes the only purported bill of exceptions, and, as stated above, it was not approved by the court.

Section 282 of the Criminal Code provides that a bill of exceptions in a criminal case shall be "prepared, settled and signed, as provided in the Code of Practice in civil cases." The rule announced in the civil cases, *supra,* from this court must therefore apply to this one, and under that rule it clearly appears that there is no bill of exceptions in this record.

Without a bill of exceptions showing what transpired at the trial, the only matter which may be considered by this court on appeal is whether the pleadings are sufficient to sustain the judgment. Settle v. Gibson, 147 Ky. 616; Bobbitt v. Blakemore, 153 Ky. 170; Clark v. Wallace Oil Co., 155 Ky. 836, and Tyler v. Woerner, 158 Ky. 710. The only pleading in this case is the indictment, and it is claimed that it is bad for duplicity. The language of the indictment which it is claimed constituted the alleged duplicity, is:

"The said Allen Brewer on the 15th day of September, 1919, in the county aforesaid, did unlawfully, willfully, and feloniously accept and receive from Robert Scalf, Lee Brewer, 'Dirty' Bill, Homer Bowens, Lee England, Millard Kinney, Hi Robinson, Bully Roberts, Eugene Michaels, Elden Carter and C. Robinson, and from each of them, chickens, of more value than two dollars, not his own nor the property of either of said parties, but which had been unlawfully, willfully and feloniously taken, stolen and carried away from the possession of the owner by the said Robert Scalf, Lee Brewer, 'Dirty' Bill, Homer Bowens, Lee England, Millard Kinney, Hi Robinson, Bully Roberts, Eugene Michaels, Elden Carter and C. Robinson, with the felonious intention to permanently deprive the owner thereof."

We find no foundation in the quoted language for the objection made to the indictment. There is nothing in it to show that there was more than one unlawful receiving of the stolen chickens by the defendant, or that the persons named as having stolen the chickens delivered them to the defendant at different times. From the charges made in the indictment those persons could have made but a single delivery jointly, hence there is no duplicity appearing from the face of the indictment. The only other place where this ground of objection could appear in the case is in the evidence, which, for the reasons stated, is not before us.

With the record in the condition presented, the only course open to us is to affirm the judgment, which is accordingly done.