## Perkins v. Commonwealth.

(Decided December 21, 1928.)

WALTER R. PRATER and H. H. RAMEY for appellant.

J. W. CAMMACK, Attorney General, and A. F. BYRD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Warrick Perkins shot and killed Charley Collinsworth. He was indicted for murder, convicted of manslaughter, and sentenced to serve 5 years in the reformatory. He has prosecuted an appeal to this court, seeking a reversal of the judgment on several grounds which will be discussed and disposed of as the opinion proceeds.

It is urged that the evidence was not sufficient to support a verdict of conviction, and that a peremptory acquittal should have been directed. The rule is that, if there is any evidence which tends to show the commission by the accused of the crime for which he is on trial, the question of guilt or innocence should be submitted to

the jury. Utterback v. Commonwealth, 190 Ky. 138, 226 S. W. 1065; Commonwealth v. Stringer, 195 Ky. 717, 243 S. W. 944.

It is also the rule that a verdict on competent evidence must be sustained unless it is so palpably against the proof as to shock the conscience and compel the conclusion that the verdict resulted from passion and prejudice. Section 281, Criminal Code, as amended by the Act of 1910; Brown v. Commonwealth (Ky.) 10 S. W. (2d) 820, decided November 13, 1928. The testimony produced by the commonwealth showed that some misunderstanding, perhaps malice, existed between the appellant and his victim, and a previous contact between the parties shortly before the killing indicated some acrimony on the part of each. The deceased overtook appellant in the public road, and, on very slight provocation, if any, struck appellant once on the shoulders with a horsewhip. Appellant immediately shot six times, fatally wounding Collinsworth. There was testimony tending to show previous threats against Collinsworth, and preparation on the part of the appellant to execute the threats, and it is obviously a case presenting sufficient evidence to require determination by a jury, and to sustain the verdict. Indeed, it may be properly remarked that the jury was extremely lenient with the appellant in finding him guilty only of manslaughter. The leniency is doubtless accounted for by the insolent act of the deceased in striking appellant with a horsewhip, thus arousing sudden and hot resentment, and reducing the degree of the crime committed.

It is complained that the court erred in the admission of evidence respecting appellant's conduct on previous occasions. Mrs. Collinsworth and her daughter were permitted to testify that upon one or more occasions the appellant had been at the home of deceased armed and making boastful and menacing remarks. It is argued that the testimony offended the rule of practice which precludes evidence of other and distinct offenses, unless it is needed to establish motive, identity, or the like. Wireman v. Commonwealth, 203 Ky. 57, 261 S. W. 862. The evidence allowed in this case was within the exception to the rule. It was not proof of a separate and distinct offense wholly unrelated to the present charge, but was such conduct as tended to show the attitude of the appellant toward the deceased, furnishing some explanation of his readiness to shoot on mere resentment, when he was in no apparent danger of great

bodily harm. The effect of the evidence was to indicate malice and predetermination to injure the deceased. The jury plainly was not prejudiced against appellant, as is shown by the sentence it imposed upon him. It is well settled by the authorities that conduct such as was proven in this case, preceding a homicide, is admissible on the trial of an indictment for murder. Morse v. Commonwealth, 129 Ky. 294, 111 S. W. 714; Thomas v. Commonwealth, 185 Ky. 229, 214 S. W. 929; Hickey v. Commonwealth, 185 Ky. 576, 215 S. W. 431.

It is insisted that incompetent questions were asked regarding the relations of the accused with Ruth Collinsworth, daughter of deceased, which were prejudicial. There was testimony that the feeling between defendant and deceased had been engendered by some misunderstanding growing out of the friendship of Ruth Collinsworth and the appellant, or at least that the estrangement originated from an opinion of the deceased that the relationship was such that it should be discontinued or discouraged. Appellant insists there was no basis for the feeling of deceased toward him, but it appeared that the feeling existed, and, under the circumstances, the questions asked were within the proper scope of the trial. The interrogation did not hurt the appellant's defense, as the jury apparently accepted his version of the situation, that there was no reasonable basis for differences between the appellant and the deceased, who was his uncle. The questions were limited to a proper examination of the witnesses upon the subject, and elicited nothing of a damaging character. Whatever may have happened preceding the fatal encounter, the appellant's own testimony was sufficient to warrant the jury in convicting him of manslaughter, and it is clear that he was not prejudiced by anything said by the other witnesses.

It is insisted, finally, that an argument by an attorney for the prosecution was prejudicial to the appellant's substantial rights. The motion for a new trial complains of some remarks attributed to an attorney in an argument to the jury, but the bill of exceptions is silent upon the subject. The purpose of a motion for a new trial is to direct the attention of the court to alleged errors that occurred during the trial, to which objection was made, and an exception saved at the time. It is the office of a bill of exceptions to present the history of a trial and all the occurrences to which exception is taken. When the bill of exceptions does not contain an argument objected to, nothing is before this court for consid-

eration, as we may not look to a motion for a new trial for facts that must be shown by a bill of exceptions. Nichols v. Commonwealth, 196 Ky. 706, 245 S. W. 518; Brewer v. Commonwealth, 188 Ky. 76, 221 S. W. 224; Mays v. Commonwealth, 200 Ky. 678, 255 S. W. 257.

Counsel for appellant, with fervid eloquence, condemn the deceased for his conduct toward appellant in crowding him from the public highway and in lashing him with a whip. The same argument probably was addressed to the jury, where it was appropriate in discussing appellant's right of self-defense, and that tribunal must have given full effect to it. Our province is to ascertain whether the jury was properly instructed, whether other than competent evidence was heard, and whether the requirements of the law for a fair and impartial trial have been respected. If we are satisfied by the record upon the subjects comprehended within our right and duty to review, the judgment of conviction may not be disturbed.

Our careful examination of the present record discloses no error of the court that would warrant us in granting a new trial.

The judgment is affirmed.