## Russell v. Commonwealth.

(Decided May 30, 1930.)

IRA L. PITTMAN for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Tried under the following indictment, the appellant was found guilty and sentenced to spend ten days in the county jail and to pay a fine of $50:

"The Grand Jury of Casey County, in the name and by the authority of the Commonwealth of Kentucky, accuse Kilvan Russell of the offense of Drunk

in a public place a Breach of the Peace, Adultery, unlawful gaming. Suffering a game at which money and property may be won and lost, to be playing in a house and on premises in his occupation. Catching fish by means of a seine in running water in this State other than streams forming the boundary line between this and another State. Unlawfully, but not with felonious intentions, take, carry away, deface, destroy and injure property of value not his own.

"Committed as follows: The said Russell in the county and Commonwealth aforesaid on the — day of August, 1929 and within twelve months before the finding of this indictment, did unlawfully commit a Breach of the Peace at Minnie Cochran's home by then and there being publicly drunk in a public place, reeling, staggering, talking, yelling, cursing, swearing, fussing, quarreling, using abusive and insulting language, offering, threatening and attempting to fight, and fighting, running horses and discharging firearms on the public highway and otherwise acting disorderly. Carnally know each other, the said being a married man and not the husband of she being a married woman, not his wife. Engaged in and play together at a game of cards and dice on which game money and property of value were bet, won and lost by each of them. Suffer and permit a game of cards and dice at which money and property were won and lost to be played in a certain house, to-wit: . . . and on certain premises, to-wit: . . . which was then and there in the occupation and control of, Catch fish by means of a seine in running water in this State, other than streams forming the boundary line between this and another State. Unlawfully, but not with felonious intentions, take, carry away, deface, destroy and injure of value the property of and without his consent. Contrary to the form of the statutes in such cases made and provided, and Against the Peace and Dignity of the Commonwealth of Kentucky."

It is mildly suggested in brief that $50 is not too much to pay for the saturnalia with which appellant is charged and that it will surely take him ten days to recuperate. Be that as it may, appellant complains that his demurrer to the indictment should have been sustained, with which contention we certainly would agree were

546

·there a demurrer to be found in the record. But there is none, and we cannot travel outside the record in search of one. Campbell v. Chitwood, 164 Ky. 638, 176 S. W. 36. The appellant, however, was not grieviously hurt by being tried under this multifarious indictment, since the evidence and the instructions of the court were confined to the inquiry whether or not appellant had been drunk in a public place on the occasion mentioned in the indictment and described in the proof.

Appellant says, however, that even when confined to such an offense, the verdict is flagrantly against the evidence. It must be admitted that the evidence for the commonwealth and the evidence for the appellant leaves the reader in much the same situation as was Mark Twain, who, after hearing the evidence on both sides in an assault case, wrote: "The two narratives differed from each other. In reality, I was half persuaded that these men were talking about two separate and distinct affairs altogether, in as much as no single circumstance mentioned by one was even remotely hinted at by the other." But it is settled in our jurisprudence that in such state of case, it is for the jury to find the solution of the problem.

Lastly, appellant says that irrelevant evidence was admitted over his objection. Although under the indictment it may be difficult to understand how any evidence could be irrelevant, yet as restricted by the court, no doubt the commonwealth might have transgressed allowable limits. But the evidence complained of was that just a short while before the time when it is alleged appellant was drunk in a public place, and within a short distance of the place where he is alleged to have been in that condition, appellant was seen by the witnesses in a drunken condition. Such evidence was quite relevant.

The judgment is affirmed.