# Manns v. Commonwealth.

(Decided September 23, 1930.)

G. B. STAMPER for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Add Manns was convicted of the crime of manslaughter and condemned to serve nine years in the penitentiary. He has prosecuted an appeal from the judgment, seeking a reversal on several grounds which will now be noticed.

It is argued that the verdict of the jury is contrary to the evidence, and without support from the facts proven.

It appeared that appellant, Clyde Carpenter, and several other men, assembled at the home of Russ Howard and engaged in a card game for stakes. Carpenter lost all the money he had and made a general request to borrow from any of the men present. When met with a refusal, he characterized the crowd with an offensive epithet, which resulted in a fist fight between Carpenter and the appellant. Carpenter then went away and returned shortly with a shotgun. The appellant and

three other men were in the back yard at Howard's house and saw Carpenter approaching. Two of the men went to meet him for the purpose of persauding him to stay away from the appellant. While they were some distance from the house, Manns obtained a high-powered rifle and shot Carpenter. He claimed he shot in self-defense because Carpenter had just shot at him with the shotgun. The evidence was sufficient, however, to sustain the verdict of the jury. There is a conflict as to which gun was fired first, but it is not apparent that Manns was in any immediate danger, or that his friends would be unable to dissuade Carpenter from coming nearer. The shotgun was practically harmless at the distance between the men, while the rifle was capable of killing a man at a much greater distance. A conviction may not be reversed on the ground that it is against the evidence, unless it is so palpably contrary to the proven facts as to shock the conscience of the court. Branham v. Com., 223 Ky. 236, 3 S. W. (2d) 629; Day v. Com., 197 Ky. 730, 247 S. W. 951. The verdict of a jury, under proper instructions, upon conflicting evidence, presents no case calling for the interposition of this court. Perkins v. Com., 227 Ky. 129, 12 S. W. (2d) 297; Kidd v. Com., 229 Ky. 87, 16 S. W. (2d) 769.

Criticism is directed at a ruling of the circuit court respecting the admission of certain evidence. One witness was permitted to detail facts concerning an occurrence just after the card game ended, and while Carpenter was departing from the scene. It was closely connected with the whole transaction, and did not manifest any fact adversely affecting the appellant. Even if the evidence was technically inadmissible, it was not prejudicial to the appellant. At the most it was merely immaterial, and related only to the conduct of the witness. Its incidence with the main transaction, however, made it practically inseparable from it, and the court did not abuse a sound discretion in allowing the testimony to be heard by the jury.

Complaint of the argument of the commonwealth's attorney is made, but the point is not presented by the record. In his motion and grounds for a new trial, appellant set forth certain statements purporting to have been made by the attorney in his closing remarks to the jury. The alleged argument of the attorneys does not appear in the bill of exceptions, or elsewhere in the record,

except in the motion for a new trial. In such cases, this court is not authorized to consider the character of the argument. Blanton v. Commonwealth, 147 Ky. 812, 146 S. W. 10; Bannon v. Louisville Trust Co., 150 Ky. 401, 150 S. W. 510; Hurst v. Southern R. R. Co., 184 Ky. 688, 212 S. W. 461; Illinois C. R. R. v. Evans, 170 Ky. 536, 186 S. W. 173; Louisville & N. R. R. Co. v. Chenault, 214 Ky. 748, 284 S. W. 397; Burdon v. Burdon Adm'x, 225 Ky. 480, 9 S. W. (2d) 220. Our consideration of the record leads to the conclusion that the appellant had a fair trial, and that the verdict of the jury was warranted by the evidence.

The judgment is affirmed.