## Little v. Commonwealth.

Dec. 16, 1941.

476

Moss Noble for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

At the October term, 1940, of the Breathitt circuit court an indictment was returned against Sam Little, charging him with the crime of dynamiting fish, an of-

fense denounced as a felony by Section 1896-1, Kentucky Statutes (1936 edition).

Upon trial on this indictment, he was convicted and his punishment fixed at one year's confinement in the penitentiary.

Appellant's motion and grounds for a new trial having been overruled, he has prosecuted an appeal, seeking a reversal of the judgment on but three of the grounds set out in his motion and grounds for a new trial, which are as follows: (1) The verdict is palpably against the evidence; (2) the evidence is so uncertain, indefinite and contradictory with regard to time that defendant could not rebut same; and (3) the verdict is the result of passion and prejudice.

We will now undertake to discuss and dispose of these objections in the order presented.

It is first urged, as stated supra, that the verdict is palpably against the evidence.

The testimony of the three witnesses for the commonwealth is brought before us in narrative form, no stenographic report of the evidence having been made. However, we are of the opinion that the evidence thus brought before us, if true, is amply sufficient to show the appellant guilty.

The first of these witnesses, Martha Combs, stated that she lived about one mile from the home of appellant; that she and her two little sons (who upon the trial also testified for the commonwealth), some time during the year 1936 or 1937, in the spring, as she believed, and at about four or five o'clock in the afternoon, were returning to their home from a visit to her father, and, as they were proceeding up Middle Fork of Kentucky river (where appellant is accused of committing the dynamiting offense) and when at a point just below appellant's house, she there saw him light something and throw it into the water; that soon an explosion followed and in about two minutes she saw fish float to the top of the water; that there was another man with appellant, whom she didn't know, who with appellant went out in a boat and began picking up the fish, which were about so long (indicating on her arm).

Also her two infant sons, Bernard Hensley and Chester Combs, testified for the commonwealth, stating

that they were with their mother upon the occasion stated and that they, as did their mother, saw the appellant, their neighbor, commit the acts of dynamiting and picking up fish from the stream as testified by her.

In addition to this direct and positive evidence given by these three witnesses as to appellant's having committed the fish dynamiting offense charged, Martha Combs further stated on her cross-examination that at the time she saw the defendant do these acts about which she testified, her husband, Oscar Combs, was in the federal penitentiary at Atlanta, Ga., and that she had not spoken to appellant for several years, although her feeling toward him at that time was good.

However, as to this, appellant testified that her feelings were hostile to him, for the reason that several years ago he had taken part against her husband in some lawsuits. Also he categorically denied all the testimony given by the three commonwealth witnesses.

The evidence given by the commonwealth's witnesses and that of the defendant being thus in conflict, the question of his guilt or innocence was for the jury to decide, the rule in such case being that if there is any evidence which tends to show the commission by the accused of the crime for which he is on trial, the question of his guilt or innocence should be submitted to the jury, as in such case a jury question is presented. Russell v. Commonwealth, 234 Ky. 544, 28 S. W. (2d) 732; Utterback v. Commonwealth, 190 Ky. 138, 226 S. W. 1065; Johnson v. Commonwealth, 244 Ky. 608, 51 S. W. (2d) 932; Miller v. Commonwealth, 236 Ky. 448, 33 S. W. (2d) 590.

Further, the rule is that the evidence in a criminal case will not be reviewed by this court to see if it justifies a conviction (Blaylock v. Commonwealth, 239 Ky. 793, 40 S. W. (2d) 382), as, where there is any evidence to support the verdict or tends to sustain it, it is for the jury to say and determine whether it justifies the conclusion of guilt. We are, therefore, without power to pass on the sufficiency of the evidence and it is only where there is no substantial evidence to sustain the verdict that we can set it aside, or when it is flagrantly against the evidence. Mattingly v. Commonwealth, 240 Ky. 625, 42 S. W. (2d) 874; Newsome v. Commonwealth, 240 Ky. 333, 42 S. W. (2d) 306; Tussey v. Commonwealth, 241

Ky. 91, 43 S. W. (2d) 351. And it is only flagrantly against the evidence when it is so shockingly against it as to show passion or prejudice or other unpermissible, controlling factors. Maggard v. Commonwealth, 257 Ky. 414, 78 S. W. (2d) 315; Handshoe v. Commonwealth, 245 Ky. 10, 53 S. W. (2d) 195; Manns v. Commonwealth, 235 Ky. 325, 31 S. W. (2d) 390.

Appellant next contends by counsel that the evidence as to time is so uncertain, indefinite and contradictory that defendant could not rebut the same, but, as suggested in brief of appellee, the time is governed by the indictment and that if the indictment was defective in being so vague as to deny him the opportunity of rebutting the evidence as to the time of his commission of the crime, appellant should have demurred to the indictment, which could or would have been sustained by the court if it were in such respect improper and defective.

The final objection, and argument in support thereof, attacks the verdict as being the result of passion and prejudice on the part of the jury.

In view, however, of the abridged statement of the facts which the evidence conduced to show, identifying appellant and strongly tending to establish his guilt of the offense charged, when taken into consideration together with the verdict returned by the jury of one year's imprisonment (which was the only punishment the jury under the express language of the statute was authorized to impose if they believed him guilty), we find this contention without plausibility or persuasive merit, in that it is the rule, as stated in Perkins v. Commonwealth, 227 Ky. 129, 12 S. W. (2d) 297, that a verdict based on competent evidence must be sustained unless it is so palpably against the proof as to shock the conscience and compel the conclusion that the verdict resulted from passion and prejudice. Section 281, Criminal Code, as amended by the Act of 1910; Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820.

Even if the evidence of the commonwealth witness, Martha Combs, that she had not been on speaking terms with appellant for several years (which appellant testified was due to his having opposed her husband a few years before in some litigation) but that her feeling toward him was nevertheless good, might be taken as tending to show some misunderstanding and hostility on her

part toward the appellant, such state of things could not be accepted as effective to so arouse the passion and prejudice of the jury against him as to cause them to return their verdict against him on that ground, rather than on the evidence, which was amply sufficient to show appellant's guilt of the charge upon which he was on trial.

The verdict, so returned by the jury, where there was competent evidence amply sustaining it, can not be regarded as so palpably against the proof as to shock the conscience and compel the conclusion that the verdict resulted from passion and prejudice, as required under the rule stated supra. Perkins v. Commonwealth, 227 Ky. 129, 12 S. W. (2d) 297.

It is, therefore, our conclusion, reached after a careful consideration of the record, that no error of the court is disclosed that would warrant us in granting appellant a new trial.

The judgment is affirmed.