Joseph Harry MAHAN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1955.

Rehearing Denied Feb. 10, 1956.

Joseph Harry Mahan, pro se.

J. D. Buckman, Jr., Atty. Gen., Hugh L. Hollingsworth, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal is by Joseph Harry Mahan from his conviction of the crime of armed assault with intent to rob and confinement in the penitentiary for 21 years. KRS 433.150.

The defendant was represented on the trial by an attorney appointed by the court, but his brief filed in this court is signed by the appellee in person. It seems to have been prepared by someone having some knowledge of the law.

94

■ The point that denial of a speedy trial requires that the conviction be set aside is without merit. Before the present trial the defendant had been confined in jail for a year after his arrest for this offense. The Commonwealth had obtained two continuances on account of absent witnesses before there was a trial in March, 1955, which resulted in a hung jury. Meanwhile, the claim of an unjust delay had been asserted by the defendant in a habeas corpus proceeding, which was determined adversely to the prisoner, although bail was reduced to $2,000, which he did not execute. The several cases cited in appellee's brief in support of this contention relate to the right of an accused person to a continuance of a trial and have no relation here. The continuances granted the Commonwealth at the first two terms following the defendant's indictment were matters within the court's discretion. Cr. Code Prac. § 188. The Graves Circuit Court is a court having three terms a year. KRS 23.050(1). Where terms of court are intermittent sometimes unusual delay results, but we are aware of no case in this jurisdiction holding such delay is a ground for reversal of a judgment.

The record does not support appellant's contention that the jury was not informed of his plea of not guilty.

A brief recital will show, we think, that the verdict is not flagrantly against the evidence. A group of ten men were engaged in "shooting craps" on a Sunday afternoon in May or June, 1954, out in the bushes near the railroad track in or near Mayfield. Suddenly, three men appeared wearing masks and disguises and presenting a machine gun, a sawed off shot gun and pistols. After threatening to use the weapons, they robbed the men of various sums, ranging from $50 to $200, and at least their pocket knives. The robbers got away in a two-tone Oldsmobile car. Not long afterward some of the victims went to Evansville, Indiana, and there identified the accused, Mahan, who was in custody of the police. They recovered their pocket knives and identified some of the articles of disguise, which had been worn by the robbers, and the automobile they had used. On the trial, four of the victims of the robbery positively identified the defendant as being one of the men who assaulted and robbed them while four others were not able to do so because of the disguises they had worn.

The defendant did not testify in his own behalf. He introduced two witnesses to establish an alibi on Sunday, May 16, 1954, their testimony being that he was in Evansville all that day. The prosecuting witnesses were not certain of the calendar date of the robbery. Even so, their positive identification of the defendant as a participant and by one witness as the particular individual who assaulted and robbed him would support the verdict.

■ During the course of his argument, the Commonwealth's Attorney alluded several times in different ways to the fact that no witness had disputed or denied the testimony that the accused had participated in the robbery, brushing aside the testimony of the two alibi witnesses as worthless. The character of the statements was unfair and the references should not have been made for they indirectly constituted comment on the failure of the defendant to testify, contrary to the provisions of KRS 455.090. Bradley v. Commonwealth, Ky., 261 S.W.2d 642. But the defendant's counsel offered no objection to the argument and, therefore, waived the impropriety. However, the record shows that at its close the defendant himself said, "Ma'am, I object." This apparently was directed to the official stenographer and not to the court. Even if it had been addressed to the court, or if the court should have taken notice of it, the objection came too late.

■■ We agree with the appellant that the instruction under which he was convicted is erroneous. But we do not regard it as prejudicial error. In Keeton v. Commonwealth, 92 Ky. 522, 18 S.W. 359, it was held that pointing a pistol at two persons at the same time and robbing them of their individual money and watches con-

stituted two distinct offenses of assault with intent to rob, which was contrary to the appellant's contention that only one crime had been committed. The indictment in this case accused the defendant, John Franklin Hopper and Athel Eugene Kirkman of the crime of "armed assault with intent to rob", which was described as having been committed by assaulting with the use of machine guns and pistols ten different persons collectively and actually robbing them of their money; also, by Hopper and Kirkman aiding and abetting Mahan. No demurrer or motion to elect was filed. See Russell v. Commonwealth, 234 Ky. 544, 28 S.W.2d 732.

The instruction, although not in the usual language, may be regarded as submitting the guilt of the defendant on trial, Mahan, as principal or as an aider and abettor of the other two accused men. In following the language of the indictment, however, the instruction listed the alleged victims alternatively with the use of the disjunctive "or" and not collectively by the conjunctive "and" as charged. Had the instruction been confined to the assault of only one of the named persons, although it may not have been proved that particular one of them had been assaulted by this particular defendant, the aiding and abetting provision would have embraced the defendant on trial. Granting that thus trying the defendant is contrary to the law that an individual should be charged and tried for one offense at a time, we cannot regard the instruction as prejudicial to the defendant's rights, since the jury fixed his penalty at the minimum provided by the law for assaulting one person. Indeed, with this result it may prove of benefit, for perhaps this trial would be a bar to nine other prosecutions for assaulting any one of the other nine persons listed in the instruction.

We find no error prejudicial to the substantial rights of the defendant and the judgment is

Affirmed.