**COMMONWEALTH of Kentucky, Appellant,**

v.

**Christine JONES, Appellee.**

**No. 93–SC–356–DG.**

Supreme Court of Kentucky.

April 21, 1994.

As Modified on Denial of Rehearing Sept. 1, 1994.*

Bruce F. Boldt, Jr., Asst. County Atty., Louisville, for appellant.

David A. Friedman, General Counsel, American Civil Liberties Union of Kentucky, R. Gary Lowen, ACLU Cooperating Atty., Lowen & Morris, Louisville, for appellee.

REYNOLDS, Justice.

The Court of Appeals reversed a Jefferson Circuit Court order which affirmed a district court judgment of conviction of disorderly conduct. We reverse, as this is not solely a content of speech case.

Appellee was in attendance at the 1991 Pegasus Parade. It was Derby Week in Louisville, Kentucky, and General Schwartzkopf was performing as the Grand Marshal of the event. City Police Officer Phillips received a complaint from a mother, who was accompanied by four infant children, regarding appellee shouting obscenities at the military components of the parade. The officer investigated and then told appellee that such language was impermissible and to move out of the red-lined "safety zone" designated

---

* Stephens, C.J., Lambert, Leibson, Reynolds and Spain, JJ., concur. Wintersheimer, J., would further modify the opinion by deleting the word "content" in column 1, line 6 of p. 546. Stumbo, J., would grant the petition.

around the judges' stand located at the Floyd/Broadway intersection. Appellee refused to move from the zone and called the officer a "Nazi pig motherfucker." Appellee was charged with disorderly conduct and placed under arrest. During trial the district court jury was instructed that it would find the defendant guilty "... only if, you believe from the evidence beyond a reasonable doubt that ... she, [Jones] with the intent to cause public inconvenience, annoyance or alarm, or wantonly created a risk thereof, did (a) Make an unreasonable noise OR (b) Created a hazardous or physically offensive condition by an act that served no legitimate purpose." The language of the instruction followed KRS 525.060(1)(b) and (d). The verdict of guilty, however, did not specify under which subsection the appellee's conduct fell. The disorderly conduct statute, KRS 525.060, provides as follows:

**525.060   Disorderly conduct**

(1) A person is guilty of disorderly conduct when in a public place and with intent to cause public inconvenience, annoyance or alarm, or wantonly creating a risk thereof, he:

(a) Engages in fighting or in violent, tumultuous or threatening behavior; or

(b) Makes unreasonable noise; or

(c) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard or other emergency; or

(d) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose.

(2) Disorderly conduct is a Class B misdemeanor.

Commentary to subsection (1)(b) prohibits unreasonable noise. "Reasonable" in this context depends upon the time, place, nature and purpose of the noise. "Unreasonable" was preferred over "loud" because loud noises may be appropriate in some places and on some occasions. KRS 525.060 (Baldwin 1984). It was for the jury, therefore, to determine whether appellee's "noise" was reasonable considering the circumstances under which it was made. There was sufficient evidence for a jury's determination of "unrea-sonable noise" as the officer testified to appellee's volume of speech.

■ The rule of appellate review of a criminal conviction has long been that the verdict of a jury must be sustained if there is substantial evidence to support it, taking the view most favorable to the Commonwealth. *Colten v. Commonwealth,* Ky., 467 S.W.2d 374 (1971), *aff'd.,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *Little v. Commonwealth,* 289 Ky. 475, 158 S.W.2d 955 (1941); *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). As explained by the Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979):

But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ... Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.... This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law.

■ "The ... [reviewing] court does not have authority to consider matters on appeal *de novo.* The ... court acting as an appellate court cannot reevaluate the evidence or substitute its judgment as to the credibility of a witness for that of the trial court and the jury." *Commonwealth v. Bivins,* Ky., 740 S.W.2d 954, 956 (1987). There was sufficient evidence before the jury for a determination of "unreasonable noise" as Officer Phillips testified as to appellee's volume of speech being greater than a normal speaking voice.

This was reinforced by Jones's statement that she was yelling no louder than the parade itself.[1] Jones, who continued to position herself within the safety zone, was asked to calm down, and the result was a voice escalation. Content, volume and surrounding circumstances may be considered together when making a determination of reasonableness.

■ We also consider Jones's conviction in light of KRS 525.060(1)(d) which is a catch-all provision prohibiting the creation of a hazardous or physically offensive condition that has no legitimate purpose.

The evidence adduced at trial was sufficient to submit this case to the jury as to a violation of either or both of the statutory subsections, and to denote that a criminalization of speech did not occur. Such evidence, to a jury, was sufficient to substantiate that Jones's speech served no legitimate purpose and that such "action" resulted in the creation of the "hazardous or physically offensive condition." The content of the noise, however distasteful, is not punishable. Some of the key elements may be public inconvenience, alarm or annoyance. As the parties concede, the constitutionality of the statute is not at issue for, on its face, it rises to meet constitutional measurements. Herein, there is a distinguishing difference from the case of *Musselman v. Commonwealth*, Ky., 705 S.W.2d 476 (1986).

The opinion of the Court of Appeals is reversed and the Jefferson District Court judgment is affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion.

STUMBO, Justice, dissenting.

I must dissent. I would affirm the decision of the Court of Appeals. As noted in the commentary to KRS 525.060, that statute penalizes only behavior which is itself disorderly. Further, "[i]f an act or utterance which tends to disturb the public or cause

disorder is made criminal, there would appear to be a serious possibility of unconstitutional or unwise restriction of freedom of speech where the speaker's unpopular views are likely to arouse strong animosities in his audience." KRS 525.060, Commentary (1974).

The majority opinion notes that appellant was convicted under either subsection (b) or (d) of KRS 525.060. Unreasonable noise is prohibited by subsection (b). The time, place, nature, and purpose of the noise determine whether it is reasonable. Appellee testified that the purpose of her verbal comments was to express opposition to the presence of military personnel and armor in the annual Pegasus parade. The police officer who arrested Appellee did so after he received a complaint that appellee was shouting obscenities directed at the military displays, and after he was himself called an obscene name.

The commentary specifically notes that the term "[u]nreasonable was preferred over loud because loud noises may be appropriate in some places and on some occasions." KRS 525.060, Commentary (1974). Certainly a parade is an appropriate place to express oneself loudly, be it with approval or disapproval of the displays in the parade. The arresting officer testified only that appellee spoke in a volume greater than a normal speaking voice, not that she was unreasonably loud given the circumstances. As the Court of Appeals concluded, appellee was arrested partly due to the expression of her ideas regarding the military and partly due to the content of her speech directed at the officer. Subsection (1)(b) was intended to regulate volume, not content.

Subsection (1)(d) prohibits the creation of "a hazardous or physically offensive condition by any act that serves no legitimate purpose." I simply cannot envision how yelling at a parade could conceivably create either, unless the *content* of what is yelled is considered. As the majority correctly noted, "[t]he

---

1. Jones also testified, "Why are you singling me out, why aren't you telling the other people around me who are also yelling and clapping, why aren't you telling them to be quiet?"

content of the noise, however distasteful, is not punishable."

I would affirm.