## Shelton v. Commonwealth.

(Decided November 24, 1911.)

### Appeal from Madison Circuit Court.

1. Murder—Instructions—Omission of Essential Element In.—The jury were not properly instructed. The instruction defining murder omits an essential element of that offense, as it failed to tell the jury that, in order to find appellant guilty of murder, they must believe from the evidence, beyond a reasonable doubt, the shooting of deceased by appellant was done with malice aforethought.
2. Same.—They should also have been instructed that if at the time appellant shot deceased, he was shooting at another, or others, under circumstances that would have made the shooting and killing of such person, or persons, excusable on the ground of self

defense, and deceased was accidentally shot and killed by a bullet intended for such person or persons, appellant should have been acquitted.

H. C. RICE, J. TEVIS COBB for appellant.

JAMES BREATHITT, Attorney General and CHARLES MORRIS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant complains on this appeal that he was illegally convicted in the court below of the crime of murder, of which he was accused in an indictment returned against him for the killing of Martha Pigg; the verdict of the jury finding him guilty as charged, and fixing his punishment at confinement in the penitentiary for life, upon which judgment was formally entered.

Numerous grounds for a new trial were filed in the circuit court by appellant, but only one of them is relied on by him for reversal, viz: That the court failed to properly instruct the jury.

According to the Commonwealth's evidence, the homicide occurred under the following circumstances: On January 16, 1911, appellant and his wife, in company with a negro, Henty Kyles, were on their way to Berea for the purpose of executing to Kyles a deed to their farm, which he had purchased. When they got as far on their way as the house of David Bolin, Mount Pigg and Brack Merrill were in the yard and Laura Sexton, David Bolin and Lou Bolin, his wife, in the house. Appellant had, the day before, kicked Mount Pigg in an altercation that occurred between them, and when he saw him and Merrill, he said to them, "G—d d——n you, you are banded up against me"; upon hearing these words Mount Pigg started toward appellant, but was seized and detained by Laura Sexton and Mrs. Bolin. While they were holding him appellant drew his pistol and shot twice at the persons in the yard, then dropped to his knees and shot twice at two women, Alice Pigg and Martha Pigg, who were on the pike sixty yards from him coming to David Bolin's house. The women came on to the yard gate, when it was discovered that Martha Pigg had been shot; she was taken into the house and soon died from the wound.

When the announcement was made at the yard gate that Martha Pigg was shot, it was heard by her husband, William Pigg, and George Merrill, who were approach-

ing Bolin's house through the orchard, and the former at once began to shoot at appellant with a shot gun, some of the shot striking his person and wounding him. It does not appear from the Commonwealth's evidence that anyone on the Bolin premises, save William Pigg, shot at appellant. The above facts were brought out by the testimony of the several persons at Bolin's, who were introduced as witnesses by the Commonwealth, but appellant's own testimony furnished a wholly different account of the shooting, as it was to the effect that when he, his wife and the negro, Kyles, got to Bolin's house, Mount Pigg, who was in the yard with Brack Merrill, said to him, "G—d d——n you, you want to kick me to-day?" to which appellant replied, "I want no trouble. I have sold out to this man (Kyles) and am going to Berea to make him a deed;" that Brack Merrill then said to him, "You are a G—d d—n grave robbing son of a bitch, and are afraid to do it today."

Appellant further testified that, following the exchange of other epithets, Mount Pigg picked up a stick and started toward him followed by David Bolin and Brack Merrill; that he (appellant) then moved up the pike a short distance followed by them, and at that juncture saw William Pigg and George Merrill coming through the orchard with guns; that William Pigg then said: "We have got you where we have wanted you for some time," and immediately fired a shot gun at him, the shot taking effect in his hip; that George Merrill also fired upon him with a small rifle, the ball from which wounded him in the thigh; that he then fired two shots at William Pigg and George Merrill, and two at Mount Pigg and David Bolin, who were still in the pike and coming toward him, after which he walked away, but in doing so took three other shots at William Pigg.

Appellant also testified that he did not shoot directly down the pike; that he did not shoot at Martha Pigg, see her on the pike or know she was there.

Although Henty Kyles seemed to have betaken himself, with much haste, to a place of safety when the shooting began, he, in some sort, corroborated appellant as to what occurred just before and at the beginning of the shooting, and the same is true of the testimony of Richard Shelton and Burrows Russell, who, though not present at the time of the shooting, were close enough to see and hear something of it. Samuels, the coroner, in testifying, expressed the opinion that Mrs. Pigg was

shot in the back, and if so, she could not have been shot by appellant. No other witness testified, however, that she was shot in the back. On the contrary, all other witnesses agreed that the bullet entered her body in front.

The jury accepted the Commonwealth's witnesses account of the killing, and it is not claimed by counsel for appellant that the verdict is unsupported by the evidence, but insisted that it was superinduced by erroneous instructions which necessarily misled the jury. The instructions were as follows:

"1.    If the jury believe from the evidence beyond a reasonable doubt that the defendant, Tice Shelton, in Madison County and before the finding of the indictment wilfully shot and killed Martha Pigg, the jury should find the defendant guilty of murder and fix his punishment at death, or confinement in the penitentiary for the period of his life, in the discretion of the jury.

"2.    The word 'wilfully' as used in the first instruction means intentionally and not accidentally.

"3.    Unless the defendant has been proven guilty beyond a reasonable doubt, the jury should find him not guilty."

It is manifest that the jury were not instructed on all the law of the case; and also manifest, that the instruction as to murder was erroneous, for it omitted an important element essential to the commission of that crime, viz:    The words "malice aforethought." To make the instruction conform to the law, there should have been inserted in it between the word "wilfully" and the word "shot", the words: "unlawfully and with malice aforethought."

The trial court should also have given an instruction defining voluntary manslaughter, under which the jury might have determined whether the killing of deceased by appellant constituted that crime, rather than murder. Following the instructions as to murder, and voluntary manslaughter, there should have been given another, saying to the jury: "If you believe from the evidence beyond a reasonable doubt, the defendant has been proven guilty of murder, or voluntary manslaughter, but have from the evidence a reasonable doubt as to which, if either of these offenses he is guilty of, it is your duty in that event, to find him guilty of the lesser offense, viz: voluntary manslaughter."

As there was some evidence furnished by the testi-

mony of appellant and his witnesses, that he did no shooting until after William Pigg, George Merrill and David Bolin commenced to shoot at him, and that David Bolin while shooting was in the pike in the rear of Martha Pigg, this evidence, though contradicted by that of the Commonwealth, entitled appellant to an instruction submitting to the jury the question whether the killing of Martha Pigg was an accident.

If, in shooting at any of the persons with whom he was engaged in a difficulty, appellant acted in his necessary self defense, and one of the bullets shot at them accidentally killed Martha Pigg, the act would be excused by the law as an unavoidable casualty. So, the jury should have been instructed on this feature of the case, in substantially the following language:

"Although the jury may believe from the evidence beyond a reasonable doubt that the defendant shot and killed Martha Pigg, if they further believe from the evidence that when he did so he was not intending to shoot her, but was shooting at William Pigg, George Merrill and David Bolin, or any of them, believing at the time, and having reasonable grounds to believe, that he was in immediate danger of losing his life, or sustaining great bodily harm at the hands of the said William Pigg, George Merrill and David Bolin, or the one or more of them, if any, at whom he was shooting, then he had the right to use such means, as in reason, appeared to him to be necessary to avert the impending danger, real, or to him, reasonably apparent, even to the extent of shooting and killing the men named, or any one or more of them, if any, of whom he stood in such danger, real, or to him reasonably apparent. And if the jury believe from the evidence that the shooting was done by appellant under the circumstances described in this instruction, and the deceased, Martha Pigg, was accidentally killed by a bullet from his pistol, they should acquit him." The converse of this instruction may also be properly given as follows:

"If, however, the jury should believe from the evidence beyond a reasonable doubt, that such shooting, if any, at the men named, or any of them, was not done by defendant in his necessary, or to him apparently necessary, self defense, as defined in the last above instruction, but shall believe from the evidence beyond a reasonable doubt that it was done by him wilfully and with malice aforethought, or in a sudden affray, or sudden

heat and passion, and shall further believe from the evidence that one of the bullets so shot by appellant at them, or any of them, struck and killed Martha Pigg, though not aimed at, or intended for her, they should, in that event, find defendant guilty.'' That is, guilty of murder as allowed by Instruction No. 1, if the shooting was at William Pigg, George Merrill and David Bolin, or any of them, and was done unlawfully, wilfully and with malice aforethought; guilty of voluntary manslaughter, as allowed by Instruction No. 2, if it was done unlawfully, wilfully and in a sudden affray, or sudden heat and passion.

On account of the errors committed by the circuit court in Instruction No. 1, and in failing to give other instructions as we have indicated, the judgment is reversed and cause remanded for a new trial consistent with the opinion.