### Hudson v. Commonwealth

(Decided September 26, 1924.)

## Appeal from Casey Circuit Court.

1. Indictment and Information—Indictment in Homicide Case Held Not Multiplicious.—Indictment for murder was not multiplicious because its several counts charged each defendant with commission of crime, and others with aiding and abetting.
2. Homicide—Evidence Held to Warrant Conviction of Manslaughter. —In prosecution of one of several participating in fight with deceased, in which some one shot deceased, evidence held to warrant conviction of manslaughter.

CHARLES FAIR, C. C. BAGBY and ELI WESLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clarke—Affirming.

Appellant Hudson, Bob Fox, Jesse Fox and Charley Fox were jointly indicted and accused of murdering John Foley, and by separate counts each was charged with having fired the shot and the others with being present aiding and abetting him.

Upon his separate trial, appellant Hudson was convicted of manslaughter, and his punishment fixed at ten years' confinement in the penitentiary. His first contention upon this appeal is that the court erred in refusing to require the Commonwealth to elect the count in the indictment it would prosecute.

It was contended upon Jesse Fox's appeal from his separate conviction under the same indictment, that the indictment was multiplicious because of its several counts charging the defendants with the commission of the same crime in various ways, but that contention was rejected (Fox v. Commonwealth, 202 Ky. 41, 258 S. W. 950), and it follows that the court did not err in this case in refusing to require the Commonwealth to elect, there being but a single offense charged.

It is also contended that the court erred in charging the jury and authorizing a conviction of the appellant under each count contained in the indictment, because of an alleged absence of any evidence indicating that the fatal shot was fired by any of the defendants save Jess and Bob Fox. The evidence, however, is not at all conclusive that either Jess or Bob Fox fired the shot. It is true only that there is evidence that each of these two defendants had a pistol in his hand just before or just after the shot was fired, and the evidence as to each of them in this respect is denied by about as many witnesses as it is affirmed. And while it is not established which of the four defendants fired the shot, there can be no reasonable doubt from the evidence that one of them did it, and that at the time the others were present and engaged in attacking the deceased.

It is true the appellant, with whom the altercation with the deceased began, testified that he withdrew from the fight after deceased struck him and was not even present when the killing occurred, but in this he is contradicted by every other witness in the case.

The evidence upon this trial is materially different in several respects from that in the case of Fox v. Commonwealth, *supra,* and may be summarized thus:

At a dance at the home of Leonard Wilham, in Casey county, in March, 1923, the decedent, John Foley, was engaged in a friendly conversation with Bob Fox and his wife about their children, when appellant Hudson, who had been drinking, came up and rubbed his hands through Foley's hair in what the witness took to be a friendly way, saying, "Old Hudson is here, and old Hudson is all right." Foley did not say anything, but looked at Hudson, who repeated the performance, when Foley either struck or shoved him with his right hand, and with his left hand caught him by the collar and pulled him out the door. The light in the room was extinguished, but whether purposely or not is not shown, and, according

to all of the witnesses except the appellant, Foley backed from the door of the house striking first one and then another of some four or five persons, who immediately attacked him, until when he was about twelve steps from the door and three steps from the front gate his pistol was knocked or flew out of his hand and he was killed by a single shot from a pistol, possibly his own.

All of the witnesses who professed to have seen the encounter state that several persons were engaged in fighting Foley, and that appellant, Jess Fox, and Charley Fox were among the number that pressed toward Foley as he retreated, as was also Bob Fox, according to some of the witnesses; that just before the shot was fired, some one in the crowd said, "By God, let me to him;" and that just after the shot appellant and Jess Fox returned to the house together, the latter with a pistol in his hand, and that appellant said, "It is all over now; that is the way they fell in France;" that Jess Fox said to one Miller, who referred to his relationship to Foley, "Haven't you got enough of this already; do you want two or three more men killed?" and that one of the Foxes in appellant's presence threatened the witness Tate, who alone of those present appeared to be friendly to Foley as to what his testimony should be.

While it is true that no witness testifies that appellant or any of the defendants, or any other particular person for that matter, shot or struck Foley, it is also true, as already stated, that it is reasonably clear upon the evidence as a whole that all of the defendants were attacking him as he retreated when one of them shot and killed him, and we are of the opinion that this evidence was ample, not only to carry the case against appellant to the jury, but to sustain the verdict against him as well.

Except as already noted, there is no complaint of the instructions, which present every conceivable construction of the evidence from which defendant's guilt or innocence might be inferred, and we are unable to find in the record any error prejudicial to the appellant's substantial rights.

Wherefore, the judgment is affirmed.