## Fleming v. Commonwealth.

(Decided May 6, 1927.)

## Appeal from Pike Circuit Court.

1. Homicide.—Where defendant accused of murder admitted the killing, he was required to justify or excuse his act by evidence, and sufficiency of this evidence was question for jury.

2. Criminal Law.—Where record in murder trial did not show that indictment was read to jury and defendant's plea thereto stated as required by Criminal Code of Practice, section 219, presumption was that issue was duly made.

3. Criminal Law.—Where defendant in murder trial failed to raise in his motion for new trial the question that record did not show reading to jury of indictment and plea as required by Criminal Code of Practice, section 219, the question was not available on appeal.

4. Criminal Law.—In murder trial motion for continuance on ground of absence of witnesses held properly overruled, where defendant read to jury affidavit setting forth things he would prove by those witnesses and court admonished jury to consider affidavits just as if witnesses testified to facts set out.

5. Criminal Law.—In murder trial, failure of court to tell jury purpose of testimony showing that defendant's reputation for truth and veracity was bad held not error, where no objection was

made to evidence at time and court was not requested to tell jury purpose for which it was admitted.

L. J. MAY for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Upon his trial for the murder of John Johnson, Willie Fleming was found guilty of manslaughter, and his punishment fixed at confinement in the penitentiary for 13 years. There is but very little evidence in the record about the actual killing. Fleming is the only witness who testifies about what occurred then. He admits the killing, but claims to have acted in his necessary self-defense. A great many threats were proven to have been made by both of these parties. This homicide occurred about 4 o'clock one Sunday afternoon in September, 1925. Fleming was standing talking to Henry Johnson when John Johnson passed them, and spoke to them. Fleming did not speak, but after John Johnson had passed, remarked, "There goes a bad man." In a few seconds, Fleming, driving his cow in front of him, started up the creek towards his home, in the same direction that John Johnson had gone. Johnson had a shotgun on his shoulder and a .38 special revolver at his side. In just a few minutes after Fleming left, Henry Johnson heard the firing of a pistol. He and others went to where John Johnson was lying. On the way, some of them met Fleming, and he said: "I killed him, I had it to do." Johnson died about the time these parties reached him. Both his pistol and his gun were found fully loaded.

Fleming's admission that he killed Johnson required that he justify or excuse his act by evidence, and the sufficiency of this evidence was a question for the jury. See Simmons v. Com., 207 Ky. 570, 269 S. W. 732.

He is asking for a reversal because the record does not affirmatively show that after the jury was sworn, the indictment was read to the jury by the commonwealth's attorney, and the defendant's plea to the indictment stated as required by section 219, Criminal Code. In Howard v. Com., 67 S. W. 1003, 24 Ky. Law Rep. 91, we held that where the record was silent, the presumption was that the issue was duly made. Besides, Fleming cannot raise this question here, because he failed to

raise it in his motion and grounds for new trial. See Ison v. Com., 66 S. W. 184, 23 Ky. Law Rep. 1805; Griffin v. Com., 66 S. W. 740, 23 Ky. Law Rep. 2148.

The next alleged error of which he is complaining is that the court erred in overruling his motion for a continuance. He filed an affidavit in support of his motion, and set out therein the names of 16 witnesses whose presence he desired, and for whom he had had subpoenas issued, but none of whom were in attendance. In his affidavit he set forth the things he would prove by these witnesses, and he was allowed to read this affidavit to the jury. After he had read it, the court then admonished the jury to consider the same just as if the witnesses were present in court and testified to the facts set out in the affidavit. We find no merit in his contention. The commonwealth was more diligent than Fleming, for it managed to secure the attendance of 5 of the witnesses that Fleming desired, and it introduced them, and they did not support Fleming's affidavit as to what their evidence would be. The commonwealth also called 15 other witnesses, and by them it was shown that Fleming's reputation for truth and veracity was bad. Fleming now insists that after each of these witnesses had testified, the court should have told the jury of the purpose for which the testimony was admitted. No objection was interposed to this evidence at the time, no request was made of the court to tell the jury the purpose for which it was admitted, and the failure of the court, under such circumstances, to admonish the jury, was not erroneous. See Haywood v. Com., 161 Ky. 338, 170 S. W. 624; Bennett v. Com., 175 Ky. 540, 194 S. W. 797.

His last complaint is directed to the instructions, but this does not contain enough merit to justify its discussion.

The judgment is affirmed.