## Newsome v. Commonwealth.

(Decided December 5, 1930.)

E. J. PICKLESIMER for appellant.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

The appellant, Tolby Newsome, Noah Newsome, and Frank Newsome were jointly indicted by the grand jury in Pike county for the crime of willful murder. The appellant Tolby Newsome alone being on trial before a petit jury in the Pike circuit court was found guilty of manslaughter and his punishment fixed at two years in the state penitentiary. In order to reverse a judgment entered in accordance with the verdict of the jury appellant prosecutes this appeal. The first error alleged by appellant is that a demurrer to the indictment should have been sustained. The indictment is as follows:

"The grand jury of the County of Pike in the name and by the authority of the Commonwealth of Kentucky, accuse Tolby Newsome, Noah Newsome, and Frank Newsome of the crime of wilful murder committed in manner and form as follows:

"The said Tolby Newsome, Noah Newsome and Frank Newsome in the said county of Pike on the 27 day of February, 1930, before the finding of this indictment, did unlawfully, wilfully, maliciously and feloniously of their malice aforethought kill, slay and murder Kenis Mitchell by the said Tolby Newsome and Frank Newsome shooting and wounding the said Mitchell in, upon the body, arms, limbs and person of him, the said Kenis Mitchell, with guns and pistols, deadly weapons, loaded with powder and lead balls or other hard substances, the exact manner whereof is unknown to the grand jurors, so that the said Mitchell did then and there die, and the said Noah Newsome was then and there present and near enough to, and did aid, assist, abet, counsel and advise the said Tolby Newsome and Frank Newsome to so kill, slay and murder the said Mitchell as aforesaid, contrary to the form of the statute in such cases provided, and against the peace and dignity of the Commonwealth of Kentucky."

It is argued by appellant that the indictment is defective because it charges both appellant Tolby Newsome and Frank Newsome with the actual shooting and killing of Kenis Mitchell, and therefore alleges a physical impossibility. We cannot agree with this contention. In our opinion the indictment clearly charges the appellant with the crime of murder, and while it is true that Frank

Newsome is also charged with the shooting and wounding, the indictment further states ''that the exact manner whereof is unknown to the grand jury,'' and we fail to see wherein this indictment is defective. We are of the opinion that the indictment charged but one offense, is in no way ambiguous, and fully meets the requirements of the Criminal Code of Practice, secs. 118-137. Thompson v. Commonwealth, 1 Metc. (58 Ky.) 13; Hudson v. Commonwealth, 204 Ky. 480, 264 S. W. 1067.

It is next contended by appellant that the verdict is not supported by the evidence. The testimony of the witnesses shows that appellant, with his two brothers, Noah Newsome and Frank Newsome, were on their way from Letcher county, where appellant resided, to the home of their mother, who resided in Pike county. They had ridden a part of the way, but at the time of the homicide they were walking. In passing through a field along Robinson creek they overtook the deceased, Kenis Mitchell. The appellant and his two brothers, Noah Newsome and Frank Newsome, testified that as they approached deceased he had his back to them and they saw his arm move as though he had something in his hand. When they arrived within a few feet, deceased turned upon them. The appellant himself gives this version of the shooting:

''We got up something like five steps of him any way and he looked back over his shoulder that way and got up in five feet of him. Frank was in front of me, I don't know how far, and Noah behind me a few steps and I was right at Frank's heels I was outwalking him a little and when he looked back over his shoulder he rammed his hands under his overalls and come that way and says 'Oh Yes, God Dam you I have got all of you.' Frank had his gun in his coat pocket and when he done this as he wheeled Frank slapped his hands in his coat pocket and wheeled and threw his gun on him that way and says, 'God Dam you stop' and he jerked his hand out that way and I said don't shoot him Frank and he says no don't shoot me, I says let's go on about our business and Frank went to turn off and dropped his gun back I don't know whether he put it in his pocket or down to his side or what he done and we went to start off to start up the road he jumped up on the side of the bank and the road was right

by the side of him, he was standing by the road and Frank went to step up the road by his feet and he dived after his gun that way again I shot him and he grabbed the gun with his left hand out of the holster sticking around in front and when he grabbed it with his left hand and jerked that way and it under his overall bib and coming out and I shot him again and snatched his gun and when he first come with his gun I told him to put her back, put her back, something like that two or three times. I don't know how many times and he come on with it and I shot.''

Noah Newsome, a brother of appellant, testified that when they approached deceased that deceased ''wheeled back and as he wheeled back he throwed his hands under his overalls and said something or other I don't remember what he said I didn't understand it.''

''Q. 20. I believe you were behind the other boys? A. I was the hind man and when he done that I seen Frank do like this (indicating) and come down on him like that and said 'Stick 'em up, don't do that,' something like that. I didn't understand just exactly what he did say. I couldn't state exactly what he did say but very short words and he jerked his hands out and he says well I have got them up and Tolby walked up and says don't shoot him and when he done that Frank—when Frank throwed his gun on him he jumped onto the bank by the side of him out of the road onto the bank and Tolby walked up right in the road and when Tolby says don't shoot him and walked up there Frank dropped his pistol and turned like he went to turn off and walk around Tolby and when he done that I seen Kenis slap his hand back under his overalls again and when he done that Tolby hollered put her back, put her back and shot.

''21. How many times did Tolby shoot? A. Twice.

''22. Did any one shoot besides Tolby? A. No, sir.

''23. Did you see the pistol, Kenis' pistol? A. Yes, sir.

''24. How was it when you saw the pistol? A. Well when I saw the pistol when I first saw it?

''25. Yes, sir, Kenis'. A. I saw the butt under his overalls as he throwed his coat back coat kindly

flared back, his coat kindly flared out and I saw the butt under his overalls.

"26. What became of the pistol? A. Tolby snatched the pistol out of his hand."

Frank Newsome, who is also a brother of the appellant and indicted jointly with him, corroborates appellant as to the manner in which this homicide took place. The record discloses that appellant and deceased were cousins and that several years prior to the time when appellant killed deccased, appellant's father had been killed by a brother of deceased. It is shown that·threats had been made by appellant against deceased and also threats by deceased against the appellant. The evidence shows that, in addition to the fatal wounds in the breast of deceased, deceased also had a wound on his finger. It is contended by appellant that this wound on the finger was caused by deceased having his hand on his pistol under the bib of his overalls at the time the fatal shot was fired. The record fully discloses that appellant and his two brothers were the only actual eyewitnesses to the killing; that appellant and his brother Frank Newsome were both armed with pistols; that after appellant shot deceased and taken his pistol from him, appellant and his brother left deceased where he was shot down and went on their way. We are of opinion that the evidence shows that appellant killed deceased and that the question of justification for such killing was purely a question for the jury. Perkins v. Commonwealth, 227 Ky. 129, 12 S. W. (2d) 297; Davis v. Commonwealth, 217 Ky. 801, 290 S. W. 702. The jury was not required to accept appellant's version of the homicide, but may consider all the facts and circumstances proven in the case. Wadkins v. Commonwealth, 228 Ky. 106, 14 S. W. (2d) 390.

The third and last contention made by appellant is that the court erred in admitting incompetent evidence. This evidence consisted in permitting Mrs. Dora Mitchell, wife of deceased, to testify in rebuttal that appellant drew a pistol on her husband about a month before this killing. One contention of appellant is that this evidence was in chief and could not be introduced in rebuttal and that the same was incompetent because it related to another offense. The record discloses that appellant himself on cross-examination testified to this same transaction and gave his version as to the occurrence. The rule is that the trial court has discretion in admitting or

rejecting evidence that should have been offered in chief when offered in rebuttal, and that the trial court may allow testimony which has been omitted in chief to be introduced after defendant's evidence is introduced. Criminal Code of Practice, sec. 224; Robertson's Criminal Law and Procedure, pp. 1976 and 1976a. We are further of the opinion that this evidence of the previous trouble was competent for the purpose of showing the intent, motive, and state o mind of the appellant. Duvall v. Commonwealth, 225 Ky. 827, 10 S. W. (2d) 279; Thomas v. Commonwealth, 185 Ky. 226, 214 S. W. 969. The record in this case discloses that appellant and his two brothers were the only eyewitnesses to this killing, and after a careful examination of the entire record in the case we are convinced that the trial court committed no error prejudicial to the substantial rights of appellant. The case was fairly submitted to the jury, and we see no reason for disturbing their verdict.

It is therefore ordered that the judgment appealed from be affirmed.