## Blevins et al. v. Commonwealth.

(Decided January 23, 1931.)

F. M. JONES for appellants.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellants, Bill and Hiram Blevins, were indicted in Harlan county, charged with the offense of grand larceny. At their joint trial they were convicted and the former was punished by confinement in the penitentiary for two years; while the latter was given a three-year sentence in the same institution. On this appeal by them from the verdict and judgment rendered thereon, the only ground mentioned in brief of their counsel, and the only one upon which reliance is made for reversal, is, that the verdict is not sustained by the evidence; and that argument, following a brief statement of counsel's conception of the substance of the testimony, is found in the last paragraph of his brief and is thus stated: "There is no proof in the record that either of the appellants ever carried away any of this trolley wire, or ever had any of the wire missing from this mine, in their possession, or ever sold any of the wire missing from this mine to any person or any junk dealer. The defendants, Bill Blevins and Hiram Blevins, the appellants here, did not testify in their own defense on the

trial of this case. There was no proof against them and they respectfully ask this Court to reverse this case. Respectfully submitted.''

From that language it is plainly inferable that counsel is laboring under the impression that it was incumbent on the commonwealth to identify by express testimony the stolen property, and to trace it to the possession of defendants in order to sustain the conviction, and which, if true, would ignore numerous opinions of this and other courts holding that facts necessary to a conviction of one charged with a crime may be established by circumstances of such convincing nature as to establish their existence in the minds of the jurors trying the case beyond a reasonable doubt, and which situation is undoubtedly true in this case. The property alleged to have been stolen was about three thousand pounds of copper wire. It belonged to, and was taken from a mine of, the Darby Coal Company, a corporation owning some coal mines in Harlan county. It was used in connection with operating the mine, work at which had been suspended for some time, and it was during such suspension that it was removed. After the discovery of its removal, the mine foreman and an officer placed a small quantity of the same character of wire in or near the mouth of the mine and that night hid themselves near by, when, shortly thereafter, appellants and one Albert Madden appeared with a flash-light and they examined with it the wire bait that had been placed there and were preparing to roll it up and take it away when they were arrested, and stated, when asked concerning their purpose for being at the mouth of the mine, that they were '' 'possum hunting.''

That they intended to take away that wire is proven beyond controversy, not only by Madden, who confessed and testified for the commonwealth at the trial, but also proven by statements of appellants which were testified to by the mine foreman and the officer. Madden not only testified to the arrangements and purpose to steal the wire that they were about to take on the night they were arrested, which was some two or three weeks after the stealing of the wire for which they were indicted, but he said that between the two dates he discovered a quantity of wire, corresponding to that alleged to have been

stolen, in his garden adjoining his residence, and that he instructed defendants to take it away and which they did some time during the night. He also testified that defendants admitted to him that they had been engaged in stealing such wire, and, in substance, that they never made an excursion for that purpose without realizing from $20 up, the wire being worth, according to the testimony, 21½ cents per pound. Witness also testified that appellant Bill Blevins told him "every time he put his shoes on and went to the Darby Coal Company mines, it meant from $20.00 to $25.00 a night." He also testified that at about the time the wire for the stealing of which appellants were indicted was missing, they tried to rent from him his smokehouse in which to store it, but he declined to do so. Mrs. Madden testified that she heard appellants urging her husband to go with them on missions to obtain copper wire, but she did not give the conversations in detail, as did her husband.

Joe Tomlin testified that at about the time the wire was alleged to have been stolen he saw appellants sell two hundred pounds of similar wire to a man driving an automobile, and that they obtained it from a coalhouse by the side of the road, and that it was trolly wire of the same kind and description taken from the Darby Coal Company. Neither of the defendants testified in the case, nor did they introduce any witnesses in their behalf, and, consequently, none of the testimony introduced by the commonwealth was contradicted. There are other proven facts and circumstances in the case that we deem unnecessary to relate, since the brief statement made is amply sufficient for the jury to conclude beyond a reasonable doubt that appellants were guilty of the offense for which they were tried.

No other alleged error is discussed or even mentioned in the brief of counsel for appellant, and the record discloses none, and, since the only ground referred to in brief is clearly insufficient to authorize a reversal, it follows that the judgment should be, and it is, affirmed.