# Newsome v. Commonwealth.

(Decided October 2, 1931.)

E. J. PICKLESIMER for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

The appellants Frank Newsome, Tolby Newsome, and Noah Newsome, were jointly indicted in the Pike circuit court for the murder of Kenis Mitchell. Tolby Newsome was tried and found guilty and his punishment fixed at two years in the penitentiary. Upon appeal this judgment was affirmed December 5, 1930. Newsome v. Commonwealth, 236 Ky. 345, 33 S. W. (2d) 36.

On March 30, 1931, Frank Newsome was brought to trial on this indictment and the jury found him guilty and fixed his punishment at five years in the penitentiary. Judgment was rendered on that verdict, and he has appealed. He assigns as his only ground for a reversal of this judgment that the court erred in overruling his motion for a peremptory instruction to find him not guilty. This complaint is based primarily on the fact that Tolby Newsome had admitted firing the shot that killed Kenis Mitchell. The indictment is set out in the case of Newsome v. Commonwealth, supra, and it is unnecessary to insert it in this opinion, but suffice to say it charges Frank Newsome and Tolby Newsome with the murder of Kenis Mitchell and charges Noah Newsome as aider and abettor. The sufficiency of the indictment was before the court in the above-styled case, and it was determined that it fully met the requirements of the law. The facts in this case are practically the same as in the trial of Tolby Newsome. The evidence of the appellant, Frank Newsome, differs in no material way in this trial from his evidence in the trial of his brother Tolby. Noah Newsome and Tolby Newsome testified in this trial as in the defense of their brother, giving evidence substantially the same as in that trial, the record of which was by proper motion made part of this appeal. Tolby Newsome admitted that he fired the shot that killed Kenis Mitchell and denies that Frank fired a shot at Mitchell. This is also the evidence of the appellant and is corroborated by the evidence of the other brother. It is admitted upon this trial that at the time Kenis Mitchell was killed that the appellant was present. Frank New-

some was armed with a 32.20 pistol. Tolby Newsome was armed with a 41 Colts. According to the testimony of these brothers, they were on their way from Letcher county to their mother's home in Pike county. They overtook the deceased, and upon their immediate approach, he began to work at a pistol under the bib of his overalls, and when Frank Newsome approached within ten or twelve steps of him, Frank, being in front of the others, turned quickly and said, "Oh yes, God damn you, I've got all of you," and attempted to draw his pistol from the bib of his overalls. Frank Newsome, beating him to the draw, trained his pistol upon the deceased and commanded him to throw up his hands, which he did. Tolby Newsome, by that time, was up with the two disputants and told his brother Frank not to shoot him and upon that the deceased asked Frank Newsome not to shoot him. This little difficulty seemed to be quelled for a few minutes and the Newsome boys started to leave. As Frank Newsome stepped down a little embankment with his side or back towards him, Mitchell again proceeded to draw his pistol, whereupon Tolby Newsome fired two shots which took the life of Kenis Mitchell. That is a brief resume of the evidence and we might say all the evidence, as to the killing. There is some evidence of threats, and some as to bad feeling between these parties not material in disposing of this single question.

Since the first trial, the body of Kenis Mitchell has been exhumed and there was found in his body two bullets. One bullett corresponded in size to that fired from a 41 Colts pistol and the other bullet, a smaller one, corresponding to that fired by a 32.20 pistol. These were the caliber guns carried by Tolby Newsome and Frank Newsome. This exhumation was made by Dr. W. L. Stumbo, a physician and surgeon, who was assisted by G. D. Ryan, an undertaker. Both of these witnesses testified as to the size of the bullets extracted from the body. The evidence concerning these bullets is the only evidence in this case materially different from that in the trial of Tolby Newsome. There is no direct evidence that Frank Newsome fired a shot, and it is true that Tolby Newsome admits he fired both shots and is corroborated in the statement by Frank Newsome and Noah Newsome. But we are confronted with the fact that two bullets were found in the body of Kenis Mitchell of dif-

ferent sizes; one of the caliber of the one fired by Tolby Newsome, and the other was the size caliber carried by Frank Newsome. Frank Newsome admitted that he had a pistol upon that occasion and that he was present and had immediately before the shooting had his gun drawn upon the deceased. It seems the jury, in view of this fact, was justified in believing that Frank Newsome fired one of the bullets into the body of Kenis Mitchell. It is a firmly adhered to rule in this state that evidence, however slight, tending to connect or show guilt of the accused, warrants submission of the case to the jury. Stegall v. Commonwealth, 237 Ky. 694, 36 S. W. (2d) 338; Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497. And these facts may be proven circumstantially as well as by direct expressed testimony. Blevins v. Commonwealth, 237 Ky. 81, 34 S. W. (2d) 965; Commonwealth v. Baker, 237 Ky. 380, 35 S. W. (2d) 548. Where the evidence is conflicting, the jury is not bound by the preponderating number of witnesses or testimony but may believe any witness or set of witnesses to the exclusion of others or to accept part of the testimony of either side and reject any portion they do not believe. The credibility of the witnesses must, at all times, be determined by the jury, and the duty of finding the facts is clearly within the province of the jury, and when those facts are established, if there is any evidence affording a reasonable ground upon which it might be sustained, it cannot be said that it is palpably against the evidence. Abdon v. Commonwealth, 237 Ky. 21, 34 S. W. (2d) 742; Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820; Shepherd v. Commonwealth, 236 Ky. 290, 33 S. W. (2d) 4; Fleming v. Commonwealth, 219 Ky. 697, 294 S. W. 153; Newsome v. Commonwealth, 236 Ky. 344, 33 S. W. (2d) 36.

It is argued by the appellant that the indictment charges Frank Newsome as a principal and not as an accomplice or abettor. That he was tried as a principal and convicted as a principal, when all the facts show that he did not fire a shot and that by a judgment of the lower court, and affirmed by this court, it has been judicially determined that Tolby Newsome killed Kenis Mitchell. That is exactly the state of affairs as presented by this bill of evidence. The evidence is not strong, but it cannot be said that it wholly fails to show, although circum-

stantially, that Frank Newsome did not fire the shot. It is the mute testimony of two bullets, of different sizes, found in the body of Kenis Mitchell, and after lying in the silence of the grave for more than one year, like the proverbial truth crushed to earth, have arisen and eloquently broken the silence to confront Frank Newsome with some convincing testimony of his acts in that tragedy. Brotherly love may have prompted Tolby Newsome to take the whole blame upon himself and go to the penitentiary that his brother might be free, but the jury were the judges of all the facts and testimony. They were present and saw all the parties, and since they sought to believe the evidence introduced by the commonwealth and have found this defendant guilty, we cannot say that that finding is erroneous or not supported by evidence. There is ample evidence upon which the jury might be justified in finding this verdict.

For these reasons the judgment is affirmed.