## Minix v. Commonwealth.

(Decided Jan. 12, 1937.)

D. HOLLENDER HALL and DAN T. MARTIN for appellant.

B. M. VINCENT, Attorney General, and J. J. LEARY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Calloway Minix appeals from a three-year sentence for manslaughter.

The principal ground urged for a reversal is that the evidence was not sufficient either to take the case to the jury, or to sustain the verdict. The witnesses for the Commonwealth and the appellant give substantially the same account of the homicide. It occurred in the basement of a building in the town of Garrett, in Floyd county. The basement is divided into two rooms. The larger room was used as a combined restaurant, pool room, and liquor dispensary, and Hence Terry was the manager. The back room, which was separated from the front room by a partition, contained a table and chairs, and was used as a card room. On Sunday afternoon, February 16, 1936, there were two groups of men in the basement. In the front room were Terry, Virlie Banks, Earl Heath, the deceased, and others, while in

the back room appellant, with others, was engaged in a poker game. The door between the rooms was locked, and the lock was on the side of the door next to the front room. Virlie Banks wanted to know who was in the small room. Terry demanded admittance and threatened to shoot the lock off the door if it was not opened. He immediately drew his pistol and began to fire through the door, and emptied his pistol. In the back room was a small basement window, and, with the exception of appellant, the men in that room started for the window. Appellant was seated directly in front of the door, and in line with the shots from Terry's pistol. Some of the shots went through the door and into the back room. One of the bullets grazed appellant's back and appellant pitched down on the table. Other shots barely missed him. Appellant then drew his pistol and fired through the door. One of the shots struck Earl Heath in the back, causing his death. According to appellant he returned the fire through the door just as soon as he could get his gun out. According to the majority of the witnesses for the Commonwealth, the return fire by appellant took place soon after Terry quit shooting.

It is the contention of the Commonwealth that, having proved that the shot fired by appellant struck and killed the deceased, it was then incumbent on appellant to justify or excuse his act by evidence, and the sufficiency of the evidence was a question for the jury. Fleming v. Commonwealth, 219 Ky. 697, 294 S. W. 153. The rule may be conceded, but it sometimes happens that the evidence is all one way, and makes out a case of self-defense. It long has been the settled rule that, if at the time appellant shot the deceased he was shooting at Terry, under circumstances that would have made the shooting and killing of Terry excusable on the ground of self-defense, and deceased was accidentally and unintentionally shot and killed by a bullet intended for Terry, appellant was entitled to an acquittal. Shelton v. Commonwealth, 145 Ky. 543, 140 S. W. 670; Roberson's New Kentucky Criminal Law & Procedure, sec. 367. Bearing this rule in mind, it would be difficult to write out a clearer case of self-defense. Terry was firing through the door. Appellant was within the range of the bullets. Some of the bullets passed near him. One struck him and he fell on the table. There

was no time for prolonged reflection. Not being in the same room with Terry, appellant could not tell whether Terry had ceased firing or not. In the circumstances he fired at Terry and one of the bullets intended for Terry struck the deceased. There can be no doubt that the case was one where appellant had reasonable grounds to believe that he was then and there in danger of death or great bodily harm at the hands of the person who was firing through the door, and that he used no more force than was necessary, or reasonably appeared to him to be necessary to avert the impending danger, real or to him apparent. It follows that the evidence was insufficient to take the case to the jury, and that appellant's motion for a peremptory instruction should have been sustained.

Our conclusion makes it unnecessary to determine whether any portion of the Commonwealth Attorney's argument was improper and prejudicial.

Judgment reversed, and cause remanded **for a new** trial in conformity with this opinion.