## Creech v. Commonwealth.

(Decided Sept. 28, 1937.)

A. T. W. MANNING and CHAS. N. HOBSON for appellant.

HUBERT MEREDITH, Attorney General, and J. W. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Lee Creech has been convicted of the crime of

grand larceny and sentenced to four years' imprisonment. He is appealing. He was jointly indicted with his brothers, Herman and Hubert Creech, the indictment in the first count charging that the larceny was committed pursuant to a conspiracy entered into between the parties, and in subsequent counts each was charged with the commission of the crime and others as aiders and abettors. The subject of the larceny was a cow, the property of Huston Marcum, charged and shown to be of a value of more than $20.

The grounds argued for reversal call for a review of facts developed in evidence. The evidence for the Commonwealth shows that on the night of July 22, 1936, a cow belonging to Huston Marcum, together with some cattle of a neighbor, was taken from the vicinity of Turkey Foot in Jackson county. Marcum and officers received information leading them to believe the cattle had been loaded into a truck of Herman Creech. On investigating they found where cattle had been tied to a tree around which a wire pen had been constructed, and signs indicated that the cattle had been loaded into a truck which had been backed up to a large rock. They started out in search of the truck and about 4 o'clock in the morning overtook it several miles away on the road leading toward Richmond, Ky. Herman Creech and appellant were in the cab of the truck in which the Marcum cow and his neighbor's cattle were being transported. The officers drove their automobile around and stopped in the road ahead of the truck, commanding the driver to stop. Herman Creech, who was armed with a pistol, opened fire on the officers through the windshield and appellant got out of the truck. The evidence as to his actions is somewhat vague and indefinite but they were such as to cause the officers to fire a shot or two toward him as well as toward Herman Creech before appellant submitted to arrest. Herman Creech escaped the officers, ran away from the scene, and at the time of the trial had not been apprehended.

A number of witnesses testified that they saw Herman Creech in his truck near the place where the cattle were loaded. Two or three witnesses testified there was another man near the truck who compared in size with appellant but whom they did not recognize. Walter Fields, a witness for the Commonwealth, testified that he saw the truck which was being driven by Herman Creech near the point where the cattle were loaded,

and by the lights of his automobile saw and recognized Lee Creech a short distance from the truck. It is also shown that appellant and his brother Herman had been seen in the Turkey Foot vicinity two or three times shortly before the theft was committed. Appellant testified that for the last two or three years he had been living at the home of Neal Johnson, but a few days before the cattle were taken had returned to the home of his father in Owsley county, two or three miles from Turkey Foot. It does not appear in evidence just where Neal Johnson lived but appellant testified that on the night the cattle were taken he left his father's home about 8 o'clock to return to Johnson's, which evidently must have been several miles away, since he testified that his brother overtook him about 3 o'clock in the morning and invited him to ride in the truck, which he did. He admitted that the cattle were in the truck but testified that he did not know they had been stolen. He denied all knowledge of or participation in the theft. He stated that after he got in the truck they had some tire and other trouble which delayed them so long that his brother prevailed on him to go on with him.

It is first argued that the verdict is flagrantly against the evidence, and there is nothing to show that appellant in any way participated in the alleged crime. Unquestionably one or more parties penned up the cattle near where they were loaded into the truck of Herman Creech and hauled away. Herman Creech was seen in his truck near the point where the cattle were loaded about 10 o'clock that night. A number of witnesses saw another man near the truck who was positively identified by one of the witnesses as Lee Creech. He was in the truck when it was overtaken by Marcum and the officers and apparently attempted to resist or evade arrest.

These proven facts and circumstances and the inferences naturally and necessarily arising therefrom leave little, if any, basis for argument that the evidence was not sufficient to take the case to the jury or to sustain the verdict. Guilt may be established by circumstantial as well as by direct evidence, Blevins v. Commonwealth, 237 Ky. 81, 34 S. W. (2d) 965, and, if there is any evidence connecting the defendants with the commission of the crime, although it be circumstantial, the case should be submitted to a jury, Utterback v. Commonwealth, 190 Ky. 138, 226 S. W. 1065; Miller

v. Commonwealth, 182 Ky. 438, 206 S. W. 630. Jurors are the sole judges of the weight and effect to be given proven facts and circumstances. Haynes v. Commonwealth, 194 Ky. 469, 239 S. W. 780. And where, as in this instance, the evidence, even though circumstantial, is of such a substantial and probative character, the appellate court would not be authorized to disturb the verdict on the ground that it is flagrantly against the evidence.

It is next argued in effect that there is no evidence tending to sustain the charge of conspiracy and therefore it was prejudicial to give an instruction on that theory of the case; but this contention is likewise utterly refuted by our recital of the proven facts and circumstances. It is true there was little, if any, evidence tending to connect Hubert Creech with the conspiracy to steal the cattle or with the actual theft of the cattle, but there was sufficient evidence to authorize the conspiracy instruction and appellant was not prejudiced thereby.

Finally it is argued that the court erred in admitting evidence of the gun battle which ensued when the officers overtook the truck, since that was evidence of another crime committed by another person. Evidence of offenses other than that for which the accused is being tried may be admitted to establish intent, motive, guilty knowledge, etc., or a purpose to cover up a previous crime; and may also be admitted when the offense is so interwoven with other offenses as to be inseparable. Music v. Commonwealth, 186 Ky. 45, 216 S. W. 116; Sneed v. Commonwealth, 236 Ky. 838, 34 S. W. (2d) 724; Holmes v. Commonwealth, 241 Ky. 573, 44 S. W. (2d) 592.

The foregoing grounds for the admission of evidence of offenses other than that for which one is being tried are exceptions to the general rule that such evidence is inadmissible. It is quite apparent without argument or elucidation that, in the proven circumstances, the evidence complained of clearly comes within one or more of the recited exceptions to the general rule, and we unhesitatingly hold that its admission was not prejudicial.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.