**Flem JUSTICE, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1980.

Lawrence R. Webster, Pikeville, for appellant.

Steven L. Beshear, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

Before BREETZ, HOWERTON and WHITE, JJ.

BREETZ, Judge.

A complete recitation of the facts leading up to the shooting with which we are involved is not necessary. It is sufficient to say that appellant was involved in a civil suit with Smith and that Smith had threatened appellant both in the past and moments before the shooting. The last encounter between the two occurred while they were in vehicles headed in opposite directions on the same road. Appellant was alone and driving his own car. Smith was a passenger in Dotson's small pickup truck. Both vehicles stopped, placing the drivers side by side. Smith made a sudden downward move to the floor of the cab. Appellant, thinking Smith was reaching for a gun, shot twice into the cab of the truck past Dotson striking Smith. Smith was dead on arrival at the hospital.

The appellant was indicted on a two–count indictment charging him with murder of Smith and first–degree wanton endangerment for shooting the pistol in close proximity to Dotson. On the murder charge, the court instructed that appellant was privileged to use deadly force in his own self–protection, and the jury acquitted. On the charge of wanton endangerment, the court refused to instruct on self–protection, and the jury convicted.

Appellant raises the sole issue whether he was entitled to an instruction on self–protection on the charge of wanton endangerment. He relies upon *Minix v. Commonwealth*, 266 Ky. 801, 802, 100 S.W.2d 825 (1937), in which the court stated:

> It long has been the settled rule that, if at the time appellant shot the deceased he was shooting at Terry, under circumstances that would have made the shooting and killing of Terry excusable on the ground of self–defense, and deceased was accidentally and unintentionally shot and killed by a bullet intended for Terry, appellant was entitled to an acquittal.

and *Shelton v. Commonwealth*, 145 Ky. 543, 547, 140 S.W. 670 (1911), in which it was said:

> If, in shooting at any of the persons with whom he was engaged in a difficulty, appellant acted in his necessary self–defense, and one of the bullets shot at them accidentally killed Martha Pigg, the act would be excused by the law as an unavoidable casualty.

■ Appellant admitted that he shot and killed Smith and his only defense was self–protection. The jury accepted this defense and thus we have a finding that appellant believed Smith intended either to cause him serious bodily harm or to kill him. The presence of Dotson between the appellant and Smith did not diminish the appellant's apprehension of serious injury or impending death nor did it modify his right to protect himself. If appellant had killed Dotson rather than his intended victim, an instruction on self–protection would have been required on any charges relating to Dotson's homicide. We hold that the same instruction should have been given on the charge of wanton endangerment.

■ We do not, however, reverse for a new trial on the charge of wanton endangerment. The jury has made its finding, supported by the evidence, that appellant acted in his own self–protection. That finding precludes a conviction for wanton endangerment. The judgment of the lower court is reversed.

All concur.