**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0605n.06

No. 08-6518

**FILED**

*Aug 23, 2011*

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| HAROLD KENNY WAGERS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant, | ) | |
| | ) | |

**Before: SUTTON and STRANCH, Circuit Judges; WELLS, District Judge.**[*]

**WELLS, District Judge:** Defendant-Appellant Harold Kenny Wagers ("Wagers") challenges the district court's assessment of a sentencing enhancement for the possession of a firearm in connection with another felony. Pursuant to the United States Sentencing Guidelines ("USSG") § 2K2.1(b)(6), the district court applied a four-point enhancement to Wagers' base-level offense of felon-in-possession after finding the Appellant's brandishing of the weapon exhibited wanton endangerment under Kentucky Revised Statute ("KRS") §508.060.[1] Wagers continues to

---

[*]The Honorable Lesley Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

[1]KRS § 508.060 Wanton endangerment in the first degree.
(1) A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he [or she] wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person.
(2) Wanton endangerment in the first degree is a Class D felony.

justify his action as self-defense. The government contends, as it did during the sentencing hearing, that Wagers may not avail himself of a claim of self-defense in justifying wielding a loaded shotgun unless he reasonably believed "that such force [was] necessary to protect himself against death [or] serious physical injury." KRS §503.05(2).[2]

For the reasons set forth below, we find the district court did not err in the application of the sentencing enhancement.

## I. BACKGROUND

The evidence indicates that on 15 April 2008, Harold Wagers learned that Shawn Wombles ("Wombles") was responsible for shooting into the dashboard of the Appellant's vehicle. That evening, after drinking and playing poker together, Wagers, Wombles, and a third, unidentified, individual came to blows over the dashboard incident. During the fight Wombles struck Wagers several times with the butt-end of a handgun, while the third individual struck Wagers using the stock of a loaded shotgun. In the ensuing struggle, Wagers managed to wrest the loaded shotgun from the unidentified assailant and to flee the scene with the weapon in hand.

---

[2]The general self-defense statute, KRS 503.050, provides, in relevant part, as follows:
(1) The use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself [or herself] against the use or imminent use of unlawful physical force by the other person.
(2) The use of deadly physical force by a defendant upon another person is justifiable under subsection (1) only when the defendant believes that such force is necessary to protect himself [or herself] against death, serious physical injury, kidnapping, sexual intercourse compelled by force or threat, felony involving the use of force, or under those circumstances permitted pursuant to KRS 503.055 [entering a residence or occupied vehicle].

Wagers made his way to a telephone and notified his companion, Nicole Henson, that he needed to be taken to the hospital for treatment. Henson picked up Wagers and together, with the couple's two young children also in the car, the foursome stopped at a convenience store to refuel for the trip to the hospital.

While at the convenience store, a vehicle with Wagers' two assailants pulled up and parked next to Appellant's car. At the evidentiary hearing held by the district court prior to sentencing, Wagers testified that his assailant, Wombles, said, "There's that son-of-a-'you-know-what,'" and "we're going to kill you and your whole family." Wagers then pulled from his car the loaded shotgun he had been struck with earlier in the evening and pointed it at his two former assailants. Wagers testified that he told the two men he would shoot them if they pulled a weapon, and that he was going to protect his children. Wagers also admitted that he was intoxicated, that he did not see a weapon on either man, and that the men did not mention weapons when they threatened him.

As this event unfolded, a Manchester City Police Officer pulled into the parking lot of the convenience store. The officer testified at the evidentiary hearing that he witnessed Wagers' two assailants moving away from Appellant. The officer also explained that the shotgun held by Wagers was pointed in such a manner as to place the convenience store clerks in the line of fire. The officer testified that he ordered Wagers to drop the shotgun. While Wagers claimed he gave the gun up immediately, the officer testified he ordered Wagers to drop the weapon "seven or eight times" before he complied. The officer testified that Wagers was intoxicated and that he found no weapons of any sort either on Wagers' assailants or in their vehicle.

After the evidentiary hearing on Harold Wagers' objection to the application of the four-point Sentencing Guidelines enhancement the district court determined by a preponderance of the evidence that "there were repeated attempts to get the defendant to drop the firearm." The district court overruled Mr. Wagers' objection to the enhancement and imposed a sentence of 120 months imprisonment.

## II. LAW & ANALYSIS

### A. STANDARD OF REVIEW

This court reviews a sentencing decision for procedural and substantive reasonableness. See Gall v. United States, 552 U.S. 38, 51 (2007). The former includes review for "procedural error in the calculation of the guideline range[.]" United States v. Bartee, 529 F.3d 357, 358 (6th Cir. 2008). Although we review factual determinations made during sentencing for clear error, United States v. Webb, 616 F.3d 605, 609 (6th Cir. 2010), we review legal conclusions regarding the application of the Sentencing Guidelines de novo, United States v. Hover, 293 F.3d 930, 933 (6th Cir. 2002). The Sentencing Guidelines instruct a court to increase a defendant's base offense level by four points "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense[.]" USSG § 2K2.1(b)(6). Thus, we review de novo the question of whether a four-point enhancement was appropriate under USSG § 2K2.1(b)(6) given the facts in this case. See United States v. McKenzie, 2011 WL 477738, *2 (6th Cir., Feb. 10, 2011).

### B. ANALYSIS

Harold Wagers argues that the district court erred in applying a four-point enhancement under § 2K2.1(b)(6) of the Sentencing Guidelines. That enhancement is appropriate if the district court

finds by a preponderance of the evidence that the defendant "used or possessed [a] firearm . . . in connection with another felony offense[.]" USSG § 2K2.1(b)(6); United States v. Gates, 461 F.3d 703, 708 (6ᵗʰ Cir. 2006).

Wagers maintains the application of the enhancement was not appropriate because he propounded a viable defense. The Appellant contends he was justified in pointing the loaded shotgun at his former assailants after they verbally threatened him and his family in the parking lot of the convenience store. On appeal, Wagers urges the Court to remand the sentence for removal of the enhancement in light of the "totality of the circumstances."

The evidentiary record indicates that while Wagers was initially charged in state court with wanton endangerment, the charge was dismissed after Appellant was charged in federal court. At his evidentiary hearing Wagers conceded that the act of pointing the loaded shotgun at his two former assailants constituted felony wanton endangerment under Kentucky state law. See KRS § 508.060. In his brief on appeal Wagers admits that the dismissal of the wanton endangerment charge by the state did not determine the sufficiency of its application in the context of his federal sentence. Finally, Wagers acknowledges the nexus between his wielding the loaded shotgun and the resulting wanton endangerment.

At the evidentiary hearing, the government maintained Wagers' self-defense claim was unavailable under the circumstances. See Justice v. Commonwealth, 608 S.W. 2d 74, 75 (Ky. Ct. App. 1980) (finding of self-protection precluded conviction for wanton endangerment). Under Kentucky's general self-defense statute, KRS § 503.050, Wagers might successfully avail himself of a self-defense argument only if his threatened use of deadly force was "necessary to protect

himself against death [or] serious physical injury." KRS § 503.050(2). Because Wombles was neither wielding a weapon, nor proximate to the Appellant, and was, by all accounts, backing away from the loaded shotgun held by Wagers, the government maintained the Appellant could not reasonably believe he, or his family, were under imminent risk of death or serious physical injury. Further, the government argued then, as it does now, that Wagers' self-defense argument could not reasonably be extended to cover the wanton endangerment of the two convenience store clerks in the line of fire from the loaded shotgun. Neither store clerk presented an imminent risk of death or serious physical injury to Wagers.

After considering the evidence, the district judge found by a preponderance of the evidence that Wagers could not justify his conceded acts of wanton endangerment as performed in the service of self-protection. In making that determination, the district court relied upon Wagers' testimony that he was 15 to 20 feet from Wombles when he aimed the loaded shotgun, that Wombles had uttered a verbal threat to kill the Appellant and his family, that no weapon was brandished by Wombles, and that Wagers admitted to being intoxicated. Further, considering the credibility of the testimony, the district court also found by a preponderance of the evidence that the officer had to repeatedly order Wagers to drop the firearm.

Upon review of the record, we find the district court did not err in the application of the sentencing enhancement when considering the uncontroverted evidence, the admissions of the Appellant, and the assertions of the officer on the scene. See Justice, 608 S.W. 2d at 74-75 (use of force by a defendant upon another person justifiable only when the defendant reasonably believes such force is necessary to protect against the imminent use of unlawful physical force); see also KRS

§ 503.120(1), (2) & cmt. (Self-defense not available for wantonness crime when defendant has unreasonable belief or recklessly creates risk of injury to innocent persons). Even conceding the gravity of Wombles' verbal threats toward the Appellant and his family in the convenience store parking lot, Wagers' self-protection defense is untenable. The evidence of Wagers' intoxication, the uncontroverted testimony that Wombles was at a distance and moving away from Wagers, the absence of any weapons brandished by Wombles, and the officer's need to repeatedly order Wagers to put down his weapon, combine to establish the reasonable basis for the application of the four-point enhancement for wanton endangerment by a preponderance of the evidence. United States v. Hyler, 308 F. App'x 962, 966-67 (6th Cir. 2009) (applying Tennessee law to find, by a preponderance, no justification for a claim of self-defense to a sentencing enhancement for reckless endangerment under USSG § 2K2.1(b)(6)).

### III. CONCLUSION

We determine, upon review of the record, that the district court properly applied the four-point Guideline enhancement. For the reasons set forth above, we AFFIRM the district court's determination.