OPINION OF THE COURT BY JUSTICE KELLER
Appellee, Billy Reed Caudill (Caudill), was tried before a jury in Wolfe Circuit Court on the charges of murder and three counts of wanton endangerment in the first degree. The jury acquitted Caudill of the murder charge, finding that he had acted in self-protection, but found him guilty of all three counts of first-degree wanton endangerment. The judge thereafter affixed his sentence at fifteen years, five years on each count to be run consecutively. Caudill appealed this judgment to the Court of Appeals, which reversed and vacated his conviction. Finding no reversible *366 error in the judgment of the Wolfe Circuit Court, we reverse the Court of Appeals and reinstate the trial court's judgment.
I. BACKGROUND
The issue before this Court is purely procedural; however, to provide context to our decision, we give a brief recitation of the facts that led to the case before us.[1] Caudill lived adjacent to Randall Carpenter. Caudill and Carpenter seemed to have a tumultuous relationship due to legal troubles between their families. Shirley Hudson and Willena White also lived near Caudill and Carpenter.
On August 21, 2009, Hudson and White saw Caudill and Carpenter in a heated argument. Caudill had a long assault rifle and Carpenter was on his tractor. Carpenter ultimately left the confrontation, driving away on his tractor and Caudill went back to his own trailer. A few hours later, Caudill walked across his property with his rifle at his side and he and Carpenter had another heated exchange.
Later, Carpenter pulled his tractor into Hudson's driveway; Hudson, White, and Hudson's son, Michael, were present in the Hudson home. Carpenter told Hudson he was going to walk over to see what Caudill was doing. White heard Carpenter and Caudill shouting and cursing again. Both Hudson and White saw Caudill back up and remove his assault rifle from his truck. Testimony at trial conflicted as to who shot first and whether Carpenter had a gun at the beginning of the confrontation or not. It was undisputed that both Carpenter, armed with a 9 mm Glock, and Caudill, armed with his rifle, shot multiple times at each other. Caudill was shot twice but Carpenter was shot through the head, killing him immediately. Additionally, White, Hudson, and Michael were forced to take cover in the Hudson garage as bullets flew. Caudill claimed that his actions were justified in self-defense, alleging that Carpenter started shooting first.
Caudill was first tried before a Breathitt County jury and convicted of murder and three counts of wanton endangerment, first degree (one count each for Hudson, White, and Michael). He was sentenced to 35 years. Upon appeal as a matter of right, this Court vacated and remanded Caudill's convictions. Specifically, we held that the prosecutor's actions while cross-examining Caudill constituted prosecutorial misconduct, requiring reversal. Caudill , 374 S.W.3d at 308-13.
Caudill was retried before a jury in Wolfe Circuit Court. The jury acquitted Caudill of murder but did find him guilty, once again, of all three counts of wanton endangerment, first degree. He was sentenced to fifteen years total imprisonment. Caudill sought review by the Court of Appeals. The Court of Appeals, sua sponte , held that the jury instructions required proof of an additional element in order to find Caudill guilty of wanton endangerment, first-degree. The Court held that it could not deem such error harmless (it should be noted that Caudill did not object to the instructions at issue or raise this issue in his appeal) and vacated the conviction, remanding it back for further proceedings.
Based upon our review of the issue, we now reverse the Court of Appeals and reinstate the trial court's judgment.
II. STANDARD OF REVIEW
Our review of alleged errors in jury instructions differs, depending upon *367 the type of error alleged. When the error arises from giving an unwarranted instruction or failing to give a warranted instruction, we review the decision for abuse of discretion. Sargent v. Shaffer, 467 S.W.3d 198, 203 (Ky. 2015). However, when the error hinges on "whether the text of the instruction accurately presented the applicable legal theory," we review the "content of a jury instruction" de novo. Id. at 204. Here, the error the Court of Appeals held was reversible referred to the content of the instructions to the jury; as such, our review is de novo.
Although we note our settled maxim that "erroneous jury instructions are presumed to be prejudicial," Mason v. Commonwealth , 331 S.W.3d 610, 623 (Ky. 2011) (citing Harp v. Commonwealth, 266 S.W.3d 813, 818 (Ky. 2008) ), we must also note this Court's more recent departure from such a bright-line rule. In Travis v. Commonwealth, this Court specifically held that superfluous language in instructions, when "there is no reason to think the jury was misled", can be simply harmless error. 327 S.W.3d 456, 463 (Ky. 2010). The "presumption [of prejudice] can be successfully rebutted upon a showing that the error was harmless." Commonwealth v. McCombs , 304 S.W.3d 676, 680 (Ky. 2009), (citing Harp , 266 S.W.3d at 818 ). Even jury instructions "that omit[ ] an essential element of the offense" can be analyzed under the harmless error standard. McCombs , 304 S.W.3d at 680 (citing Chapman v. California , 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and Neder v. United States, 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) ).
Under these standards, we would be able to conduct a harmless error analysis on the alleged error here. However, this issue was unpreserved. It is undisputed that Caudill failed to object to the content of the instructions as described in the opinion of the Court of Appeals, nor did he raise it on appeal. The Court of Appeals reversed on the instructional issue sua sponte. Due to the lack of preservation of this issue, we are limited to a palpable error review pursuant to Rule of Criminal Procedure (RCr) 10.26. Under this standard, we may grant relief only "upon a determination that manifest injustice has resulted from the error."
III. ANALYSIS
As stated, Caudill was charged with and tried on three counts of wanton endangerment, first degree. Jury Instruction No. 4 outlined the instruction for Count 2, first-degree wanton endangerment in connection to victim, Shirley Hudson. The instruction specifically read:
You will find the Defendant guilty of First-Degree Wanton Endangerment under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following;
A. That in Breathitt county on or about August 21, 2009 and before the finding of the Indictment herein, he fired a gun in the direction of Shirley Hudson:
AND
B. That he thereby wantonly created a substantial danger of death or serious physical injury to Shirley Hudson;
AND
C. That under the circumstances, such conduct manifested extreme indifference to the value of human life.
AND
D. That in so doing, he was not privileged to act in self-protection.
Instructions No. 5 and 6 mirrored the language of this instruction, substituting the names of victims Michael Todd Hudson and Willena White for Shirley Hudson.
*368 On his appeal to the Court of Appeals, Caudill argued that if the jury found he acted in self-protection as to the murder charge, the wanton endangerment charges should also have been disposed of similarly. However, in its opinion, the Court of Appeals correctly noted that Kentucky Revised Statute (KRS) 503.120(2) precluded justification as a defense to crimes involving wantonness or recklessness towards innocent victims, even when the defense is available as to another victim. In Justice v. Commonwealth , this Court noted the common-law holding that:
If, in shooting at any of the persons with whom he was engaged in a difficulty, appellant acted in his necessary self-defense, and one of the bullets shot at them accidentally killed [an innocent victim], the act would be excused by the law as an unavoidable casualty.
608 S.W.2d 74, 74 (Ky. 1980) (quoting Shelton v. Commonwealth , 145 Ky. 543, 140 S.W. 670, 671 (1911) ).
However, KRS 503.120(2) specifically states that "[w]hen the defendant is justified ... in using force upon or toward the person of another, but he wantonly or recklessly injures or creates a risk of injury to innocent persons, the justification afforded ... is unavailable in a prosecution for an offense involving wantonness or recklessness toward innocent persons." The commentary specifically states that this portion of the statute "deals with a situation where a defendant is justified in using force against one person but is reckless or wanton toward others in the use of that force." The example given is when a defendant, justified in using deadly force against X, fires several shots at X while X is in a large group of people, killing two innocent people in the large group along with X. Although justified in prosecution for X's death, the justification is unavailable in the prosecution for the deaths of the innocent bystanders.
We recognized this statutory change in Phillips v. Commonwealth , holding that the "statute precludes an instruction on self-protection if the defendant's wanton or reckless use of deadly force caused the death of an innocent person." 17 S.W.3d 870, 875-76 (Ky. 2000). Clearly, the statute is not limited to deaths of innocent bystanders but any injury or risk of injury. As such, the Court of Appeals correctly held that KRS 503.120(2) precluded the defense of justification in Caudill's prosecution for wanton endangerment first-degree against Hudson, White, and Michael. The jury instructions clearly required a finding of wantonness as to these victims, triggering the applicability of KRS 503.120(2).
Thus, the jury instructions were in error; the parties all agree that the added language that the jury was required to find that Caudill was "not privileged to act in self-protection" was error. However, contrary to the opinion of the Court of Appeals and Caudill's argument, we cannot hold that this is reversible error. Rather, this is clearly a harmless error; we simply could not find this unpreserved error to be palpable pursuant to RCr 10.26.
Here, the jury actually found Caudill guilty of these three counts under a heightened burden of proof against the Commonwealth. Not only did the jury believe that Caudill fired a gun in the vicinity of these three victims, thereby creating a substantial risk of death or serious physical injury and showing extreme indifference to the value of human life; the jury also unanimously held that he was not privileged to act in this way against these innocent victims. We are at a loss as to how we could find any reasonable probability that deleting this additional element would somehow make the jury find contrary *369 to the original verdict, holding Caudill less guilty under a lower standard of proof.
This Court has analyzed a similar issue to the one presented by Caudill. Although unreported, our reasoning in Carrier v. Commonwealth proves sound to the analysis before us. In Carrier, the defendant claimed the defense of self-protection to the charges of murder and the lesser included offenses. No. 2005-SC-000440-MR, 2008 WL 199838, *2 (Ky. Jan. 24, 2008). In its instruction to the jury, the trial court included the language requiring the jury's finding that "Carrier did not believe that she was privileged to act in self-protection." Id. Carrier's belief was not relevant to the jury's determination for the instruction. See id. at *2-3. However, this Court specifically stated:
Although the trial court's instructions failed to precisely follow model instructions, there was no manifest injustice. The extra language contained in the instructions, while ill-advised, actually prevented the jury from convicting [Carrier] of any level of homicide if it concluded that [Carrier] believed she was privileged to act in self defense. Therefore, there was no palpable error.
Id. at *3 (emphasis original). In essence, the trial court, as here, added an element to the jury's instructions, thereby heightening the Commonwealth's burden of proof. The jury, as here, still found the defendant guilty even under the heightened burden. As such, it seems axiomatic to believe that such an error could be anything but harmless.
The added element here simply did not prejudice Caudill. We are unpersuaded by Caudill's argument that the jury could have somehow compromised on the wanton endangerment charges after finding Caudill was privileged against Carpenter. The jury is presumed to have followed the instructions before it. Owens v. Commonwealth , 329 S.W.3d 307, 315 (Ky. 2011) (citing Johnson v. Commonwealth , 105 S.W.3d 430, 436 (Ky. 2003) ). This jury was instructed to "find the Defendant not guilty unless [it was] satisfied from the evidence alone and beyond a reasonable doubt that [Defendant was] guilty." In the absence of further proof, we are unwilling to assume that the jury disregarded its instruction and made a compromised finding on the wanton endangerment charges.
IV. CONCLUSION
Thus, although we agree with the Court of Appeals as to the applicability of KRS 503.120 to Caudill's case, we disagree that the instructional error requires vacating Caudill's convictions. We would find that this error was merely harmless; given that the Commonwealth proved its case to the jury with an additional element to prove, we could find no reasonable probability that omitting this added element would change the jury's verdict. However, we note again that this was an unpreserved error; as such, we definitively hold that this error was not palpable. We thereby reverse the Court of Appeals and reinstate the judgment of the Wolfe Circuit Court.
All sitting. All concur.

This Court has already analyzed this case on appeal after Caudill's first trial and described the facts in depth. See Caudill v. Commonwealth , 374 S.W.3d 301 (Ky. 2012).