RENDERED:  OCTOBER 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0614-MR

DOMINIC ALLEN COMER APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.       HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 20-CR-00428

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND L. JONES, JUDGES.

JONES, L., JUDGE:  Dominic Allen Comer (Dominic)[1] brings this appeal from a September 24, 2021 Final Judgment and Sentence of Imprisonment of the Boone Circuit Court finding him guilty of Burglary in the Second Degree and Assault in the Fourth Degree and sentencing him to five-years' imprisonment.  We affirm.

---

[1] As another individual involved in this case has the same last name as Appellant, we will refer to all individuals by their first names.

The criminal charges against Dominic stemmed from an incident that occurred on March 9, 2020, at the home of Melissa and Gary Mercer. Melissa and Gary are the aunt and uncle of Dominic's wife, Alicia Comer. Melissa and Gary also lived a few doors down from Alicia and/or Dominic.[2] Melissa testified that around midnight she heard Dominic yelling, cussing, and violently beating on her door. Melissa further testified she was afraid of Dominic, so she yelled for Gary who was upstairs asleep. Gary came running downstairs and a fight ultimately ensued between Gary and Dominic. Police were ultimately called to the scene.

Dominic was subsequently indicted by a Boone County Grand Jury for his actions on that evening. More specifically, Dominic was indicted upon one count of each of the following: (1) Burglary in the Second Degree; (2) Fleeing or Evading Police in the First Degree; (3) Assault in the Fourth Degree; (4) Criminal Mischief in the Second Degree; and (5) Public Intoxication. A jury trial subsequently ensued. The trial court granted a directed verdict on the count of Fleeing or Evading Police in the First Degree. The jury acquitted him upon Criminal Mischief in the Second Degree and Public Intoxication. The jury found Dominic guilty of Burglary in the Second Degree and Assault in the Fourth

---

[2] Dominic and Alicia were married but according to Alicia's testimony, she was staying at the house despite a court order preventing her from being there. Alicia said she and Dominic had agreed she would stay at the house because she paid all the bills, and Dominic would stay elsewhere.

Degree. The jury recommended a sentence of five-years' imprisonment for Burglary in the Second Degree and a $500.00 fine for Assault in the Fourth Degree. By Final Judgment and Sentence of Imprisonment entered September 24, 2021, the trial court sentenced Dominic in accordance with the jury's recommendations to a total of five-years' imprisonment. This appeal follows.

Dominic contends there was insufficient evidence to sustain a conviction for Burglary in the Second Degree as the Commonwealth failed to prove an essential element of the crime; namely, that Dominic had intent to commit a crime when he entered Gary and Melissa's home. Dominic acknowledges this issue was not preserved as defense counsel did not move for a directed verdict of acquittal upon the burglary charge.

The law is clear that to preserve an alleged directed verdict error for appeal, a criminal defendant must first move for a directed verdict at the close of the Commonwealth's evidence.[3] *Ray v. Commonwealth*, 611 S.W. 3d 250, 266 (Ky. 2020). Dominic acknowledges he did not move for a directed verdict upon

---

[3] More particularly, to preserve an alleged directed verdict error, a criminal defendant must do the following: "(1) move for a directed verdict at the close of the Commonwealth's evidence; (2) renew the same directed verdict motion at the close of all the evidence, unless the defendant does not present any evidence; and identify the particular charge the Commonwealth failed to prove, and must identify the particular elements of that charge the Commonwealth failed to prove." *Ray*, 611 S.W.3d at 266. As Dominic did not move for a directed verdict upon the charge of Burglary in the Second Degree it is unnecessary to consider the remaining requirements as outlined in *Ray. See id.*

the burglary charge. Thus, we must review the unpreserved issue for palpable error pursuant to RCr[4] 10.26.

When determining if an error is palpable, this Court must consider whether, upon the whole of the case, there is a substantial possibility the outcome would have been different. *Williams v. Commonwealth*, 706 S.W.3d 177, 184 (Ky. 2024). Even if an error is deemed palpable, "relief is warranted only where it results in manifest injustice." *Id.* at 184 (citing *Commonwealth v. Caudill*, 540 S.W.3d 364, 367 (Ky. 2018)). And, it is well established that the conviction of a defendant without "sufficient proof of an essential element of the charge is both a violation of due process and palpable error." *Id.* (citation omitted). Furthermore, the conviction of a defendant in violation of due process is a palpable error affecting the substantial rights of a party, thus permitting an appellate court to grant relief despite the error not being sufficiently raised or preserved for review. *Id.* at 185 (quoting *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836-37 (Ky. 2003)) (citation omitted). As such, this Court will conduct a palpable error review of Dominic's contention that there was insufficient evidence to convict him of Burglary in the Second Degree as the Commonwealth failed to prove an essential element of the crime (*i.e.*, that Dominic entered Melissa and Gary's home with the intent to commit a crime).

---

[4] Kentucky Rules of Criminal Procedure.

The standard for a trial court considering a directed verdict is that the court "must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth." *Williams*, 706 S.W.3d at 185 (quoting *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). And, a trial court must "grant a directed verdict when, taking the evidence in the light most favorable to the Commonwealth, it would be clearly unreasonable for the jury to find guilt." *Williams*, 706 S.W. 3d at 185. Our standard of review upon an appeal is "if under the evidence as a whole, it would be clearly unreasonable for the jury to find guilt, only then is a defendant entitled to a directed verdict." *Id.* (quoting *Benham*, 186 S.W.2d at 187).

The offense of Burglary in the Second Degree is set forth in KRS[5] 511.030, which provides that "[a] person is guilty of burglary in the second degree when, with the intent to commit a crime, he or she knowingly enters or remains unlawfully in a dwelling."

In the case *sub judice*, the following evidence was presented at trial relevant to Dominic's intent to commit a crime when he knowingly entered Melissa and Gary's home. At around midnight on March 9, 2020, a neighbor of Melissa and Gary called 911 and reported she had heard loud yelling and banging nearby. According to the neighbor's testimony, she then stepped outside and

---

[5] Kentucky Revised Statutes.

witnessed two men (later identified as Dominic and Gary) wrestling in the yard. The neighbor also testified that Dominic was sitting on top of Gary and punching him repeatedly. Melissa also called 911 that night. Melissa testified that she became frightened when she heard Dominic yelling and cursing. Melissa testified she was afraid of Dominic as she had witnessed the abuse he perpetrated upon Alicia over the years. Melissa further stated that Dominic began kicking the door and wanted in the house because he thought Alicia was there. Melissa described trying to keep the door closed and yelled for Gary to come downstairs. Gary, who was upstairs sleeping, ran downstairs and saw Dominic. Together Gary and Melissa were able to push Dominic back outside. According to the testimony presented, once they were outside, Dominic and Gary began wrestling and fighting in the yard.

A police officer testified that when he arrived at the scene, he spotted Dominic in the back of the property and yelled for him to stop. When Dominic did not stop, a foot pursuit ensued. The officer chased Dominic through a grassy area, across a ditch, and then through a wooded area and eventually caught up with Dominic near his vehicle. Dominic was unsteady on his feet, had blood shot eyes, and slurred speech but was arrested without further incident. Gary testified that he suffered a torn bicep, bruises, scratches, and bite marks from the incident.

Dominic's actions at the home of Melissa and Gary on the night in question clearly demonstrate that Dominic went to their home with the intent to commit a crime. Dominic smelled of alcohol, was acting erratically, including yelling, cursing, and kicking the door. Given Dominic's history of violent behavior combined with his behavior that evening, it was not unreasonable for the jury to find that he had the intent to commit a crime when he entered Melissa and Gary's home without permission looking for Alicia. As such, drawing all fair and reasonable inferences from the evidence in favor of the Commonwealth, and considering the evidence as a whole, it was not unreasonable for the jury to find Dominic guilty of Burglary in the Second Degree.

Dominic next contends the trial court erred in the giving of the instruction for Assault in the Fourth Degree. Dominic concedes this error is also unpreserved and requests review under the palpable error standard of RCr 10.26.

The jury instruction given for Assault in the Fourth Degree provided, in relevant part:

**INSTRUCTION NO. 6**
**ASSAULT IN THE FOURTH DEGREE**

You will find Dominic Comer guilty of Assault in the Fourth Degree if and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in Boone County on or about the 9th day [of] March, 2020, and within 12 months before the finding of the Indictment herein (August 4,

-7-

2020), that Dominic Comer caused physical injury (as defined as **Instruction No. 4F**) to Gary Mercer by physical means; and

B. That in so doing:

(1) The Defendant was acting intentionally (as defined in **Instruction No. 4B).**

Or

(2) The Defendant was acting wantonly (as defined in **Instruction No. 4G)**

[AND]

That in so doing, Dominic Comer was not privileged to act in self-protection[.]

Trial Record at 90.

Dominic more particularly asserts that Jury Instruction No. 6, on Assault in the Fourth Degree, was erroneous as:

[t]he unnumbered self-protection clause was positioned under B(2) with a conjunction, making it appear that self-protection was only available if the jury believed Dominic was acting wantonly under B(2). This mis-drafted instruction allowed for the theory of self-defense to be applied only if the jury believed Dominic was acting wantonly. The way the instruction was set out, the jury would not believe that self-protection was a defense to intentional conduct [under B(1)].

Dominic's Brief at 14-15.

However, Dominic's tendered jury instruction for Assault in the Fourth Degree provided as follows:

You will find the Defendant guilty of Assault, 4th Degree if and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this County on or about the 9th day [of] March, 2020, and within 12 months before the Indictment herein, the Defendant caused physical injury to Gary Mercer by physical means; and

B. That in so doing:

(1) The Defendant was acting intentionally

Or

(2) The Defendant was acting wantonly.

[AND]

That in so doing, he was not privileged to act in self-protection[.]

Trial Record at 54.

Our review of the instruction for Assault in the Fourth Degree tendered by Dominic demonstrates that it was nearly identical to the instruction the trial court ultimately gave to the jury as both contain the conjunction "and" in the same place. Curiously, Dominic's proposed instruction enhances the error he argues exists in the actual instruction provided to the jury. Thus, if the instruction given by the trial court was erroneous, Dominic not only failed to preserve the error, he also invited the error by proposing an instruction that contained the same defect he complains of now.

-9-

In *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 38 (Ky. 2011), our Supreme Court recognized that "invited errors that amount to a waiver, *i.e.*, invitations that reflect the party's knowing relinquishment of a right, are not subject to appellate review." As Dominic's proposed instruction on Assault in the Fourth Degree was nearly identical to the instruction ultimately given, Dominic waived his right to appellate review of the claimed instructional error. *See id.*

We view any remaining contentions of error as moot or without merit.

We affirm the September 24, 2021 Final Judgment and Sentence of Imprisonment on a Plea of Not Guilty-Jury Trial of the Boone Circuit Court finding Dominic guilty of Burglary in the Second Degree and Assault in the Fourth Degree.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Shannon Dupree
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky